**DALLAS–JOHNSON PROPERTIES, INC., Plaintiff,**

v.

**Alice HUBBARD, et al., Defendant/Third Party Plaintiffs,**

v.

**INTEGON INDEMNITY CORPORATION, Third Party Defendant/Cross Claimant/Appellant,**

v.

**Dallas and Georgia McCOY, Cross Claim Defendants/Respondents.**

**No. 59175.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 30, 1991.

Edward C. Vancil & Associates, Inc., Richard J. Keyes, Clayton, for appellant.

Kohn, Shands, Elbert, Gianoulakis & Gilgum, William A. Kohlburn, St. Louis, for respondents.

KAROHL, Judge.

Integon Indemnity Corporation, appeal from trial court order entered on October 5, *1990*, which set aside a no contest judgment entered on October 10, *1989*, in favor of Integon against Dallas McCoy and Georgia McCoy, third-party defendants. The McCoys filed their unverified motion, captioned "APPLICATION FOR SPECIAL ORDER PERMITTING LATE FILING OF NOTICE OF APPEAL," on the authority of Rule 74.03 and 74.06(b). The motion contains two file stamp dates: April 10, 1990, and April 12, 1990. The McCoys requested the court to set aside the default judgment. They filed no supporting affidavits. The court sustained the motion "pursuant to Rules 74.03 and 74.06(b)." It set aside the October 10, 1989, judgment without a hearing.

On appeal Integon alleges the court erred in setting aside the judgment because there was no competent evidence from which the court could find good cause, mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation or miscon-

duct of an adverse party. *See* Rules 74.03 and 74.06(b). The McCoys did not file a brief or otherwise participate in this appeal.

 A motion to set aside a judgment cannot prove itself. *Vetter and Assocs., Inc. v. DiMarco Corp.*, 733 S.W.2d 459, 462 (Mo.App.1987). "[I]f the motion contains sufficient allegations of fact for its support, the motion thus must be verified, or supported by affidavits or sworn testimony produced at the hearing on the motion." *Hernandez v. Westoak Realty and Inv., Inc.*, 549 S.W.2d 906, 909 (Mo.App.1977). Accordingly, there is no competent evidence to support the court's judgment or which we can review on appeal.

Reversed and remanded.

PUDLOWSKI, P.J., and GRIMM, J., concur.