**Diana C. CLARK, Respondent,**

v.

**Stephen H. CLARK, Appellant.**

**No. WD 51561.**

Missouri Court of Appeals,
Western District.

May 28, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 2, 1996.

Application to Transfer Denied
Aug. 20, 1996.

Robert T. Wilhelmus, Kansas City, for appellant.

Don L. Cowan, Kansas City, for respondent.

Before SPINDEN, P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

LAURA DENVIR STITH, Judge.

On April 8, 1994, the trial court granted Stephen Clark's motion to modify his child support obligation, denied Diana Clark's cross-motion to modify, and ordered Mrs. Clark to reimburse Mr. Clark certain overpaid amounts of child support. On June 30, 1994, Mrs. Clark moved to set aside the April 8, 1994 judgment under Rule 74.06(b). On July 24, 1995, the trial court granted Mrs. Clark's motion. It did so in part on the basis that the April 8, 1994, judgment was irregular and entered without proper notice that a judgment on the merits would occur. Mr. Clark appeals. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 1991, the trial court dissolved the marriage of Stephen and Diana Clark. It gave Mrs. Clark custody of the couple's three minor children and ordered Mr. Clark to pay $626 per month in child support.

On April 27, 1993, Mr. Clark filed a motion to modify the decree on the basis that his eldest daughter, Jennifer Suzanne Clark ("Jennifer"), had become emancipated. Anthony Stein, who at that time was counsel for Mrs. Clark, admitted the fact of Jennifer's emancipation in suggestions filed in opposition to the Motion. He also filed a cross-motion to modify on behalf of Mrs. Clark which asserted that Mr. Clark was not current in his child support payments and which asserted a need to modify visitation in light of Mr. Clark's relocation to Jefferson City, Missouri.

On November 9, 1993, Mr. Stein moved for leave to withdraw as attorney for Mrs. Clark. In support, he stated that "submitted simultaneously with this Motion is the Entry of Appearance of Missouri attorney Curtis G. Hanrahan, . . . who will act as the new attorney for Petitioner." Mr. Hanrahan's Entry of Appearance indicated he was "Attorney for the State of Missouri, Department of Social Services, Division of Child Support Enforcement, and Diana G. Braun [Clark]."

In January 1994, the trial court granted Mr. Stein's motion for leave to withdraw. In so doing, the judge noted that Mr. Hanrahan would be representing Mrs. Clark's interests only as to the issue of child support, and that as to all other issues, Mrs. Clark would be proceeding *pro se* so that "Attorney for Respondent shall make sure to send and address all correspondence, interrogatories, etc., directly to Petitioner, who is currently acting pro-se."

Although the trial court thus admonished counsel for Respondent to send correspondence directly to Petitioner because of her *pro se* status, the court itself failed to follow this procedure. It sent notice to counsel for Respondent and to Mr. Hanrahan that both parties' motions to modify were scheduled for a docket call on April 8, 1994, but it sent no notice of the docket call directly to Mrs. Clark. The notice and docket were published in the *Daily Record.*

The Notice sent by the court stated in relevant part:

> the Court will set each case for trial. Counsel or individual shall be prepared to discuss the status of the case and to have a calendar to make a firm commitment for trial. . . . *Failure to appear on the date and time may result in the dismissal of the petition, motion or cross-filing, and/or a default judgment may be entered. . . .* If counsel cannot appear on April 8, 1994, counsel shall make arrangements with an-

other member of the Bar to appear on behalf of counsel.

(emphasis added).

Mr. Hanrahan did not attend the April 8, 1994, docket call himself or arrange for a representative to attend. Instead, on April 5, 1994, he faxed to the court a document entitled Motion for Trial Setting. Mr. Hanrahan apparently believed that, because this Motion informed the court as to the dates on which he was available for trial, he would not need to appear at the docket call.

Mr. Hanrahan was incorrect. Because neither he nor Mrs. Clark (who had not formally been served with notice) appeared at the docket call, the court entered a judgment finding Mrs. Clark in default for failure to appear. The court's judgment stated that both parties' motions to modify had "come on regularly for hearing" and that "the Court *gave notice of the hearing* to both parties by service on their attorneys by ordinary first class mail" and that "The Court, having reviewed the file, heard the evidence and being fully advised in the premises finds as follows: . . .".

The court then granted Mr. Clark's motion to modify based on the emancipation of Jennifer, found Mr. Clark to be current in his child support, dismissed Mrs. Clark's motion to modify for want of prosecution and granted judgment to Mr. Clark for $2,288.00 in child support improperly paid to Mrs. Clark after Jennifer was emancipated.

Despite these recitals in the judgment, as noted previously, the judgment was not entered after an evidentiary hearing, or based on record evidence. Rather, it was entered based on a failure to appear at an April 8, 1994 docket call at which this and other cases were being set for future trial. The case had not actually been set for hearing on April 8, 1994, no notice was given that it would actually be heard that day, and no evidence was in fact heard on that day.

On June 30, 1994, Mrs. Clark filed a Motion to Set Aside Default Judgment under Rule 74.05(d). In her motion, Mrs. Clark alleged that the default judgment was not based on competent and substantial evidence, that in fact Mr. Clark was in arrears in paying child support, and that the judgment was inequitable.

In opposition, Mr. Clark noted that, while the judgment sought to be set aside stated that Mrs. Clark was in default, in fact she had answered and filed a cross-motion. Mr. Clark quite correctly pointed out that the April 8, 1994, judgment therefore was not really a default judgment, but rather was "intended to be one on the merits." *See Lockhart v. Middleton,* 863 S.W.2d 367, 368 (Mo.App.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2143, 128 L.Ed.2d 871 (1994).

For this reason, Mr. Clark argued, Mrs. Clark had erred in moving to set aside the judgment under Rule 74.05, as that rule governs only the setting aside of a default judgment. Mr. Clark did not then ask that the motion be denied because brought under the wrong rule, however. Instead he noted that, "if there is any basis to set aside the judgment, [petitioner's] motion should be [brought] pursuant to Missouri Supreme Court Rule 74.06," which governs setting aside judgments on the merits.

Mr. Clark then went on to argue why none of the bases to set aside a judgment under Rule 74.06(b) were satisfied. In so doing, he did *not* argue that the court had no jurisdiction over him for the purposes of Rule 74.06, nor did he point out that, unlike Rule 74.05, Rule 74.06 requires personal service. **Rule 74.06(c).** Rather, he addressed *the merits* of granting or denying the motion under each subsection of Rule 74.06(b). He concluded by pointing out that the "decision to vacate a judgment, pursuant to Missouri Supreme Court Rule 74.06, is left to the sound discretion of the trial court, which will not be interfered with by an appellate court unless the record convincingly demonstrates an abuse of discretion," and asked the court to deny Mrs. Clark's motion.

The motion to set aside came before The Honorable Justine Del Muro. It was set for hearing on four occasions. For various reasons the motion was not formally reached on those dates, although on one of those dates the court and parties informally discussed the legal issues in chambers. Finally, in January 1995, Judge Del Muro informally notified the parties that she would rule on

the motion to set aside without witness testimony but that she would not rule until the parties had an opportunity to file additional suggestions in support of their positions. Mr. Clark filed a brief supplemental response, which also failed to raise any jurisdictional issue or to object to the court's intended course of disposing of the motion without hearing.

On July 26, 1995, Judge Del Muro set aside the prior judgment. In so doing, she agreed with Mr. Clark that the April 8, 1994, judgment was not a default judgment, but rather was a judgment on the merits, because Mrs. Clark had already filed her responsive pleading, citing *Cotleur v. Danziger*, 870 S.W.2d 234, 237 (Mo. banc 1994). Judge Del Muro further found, however, that Mrs. Clark *had* shown multiple bases to set aside the judgment under Rule 74.06. These included: (1) the fact that Mrs. Clark was never sent a copy of the Notice of the docket call and therefore there was no deliberate action on her part to be absent from the docket call; (2) the Notice sent to counsel warned that failure to appear might result in dismissal or default judgment, but did not give notice that the court might enter judgment *on the merits* as to any party who did not appear; (3) no evidence was heard and thus no judgment on the merits could be entered; and (4) the judgment was patently unfair and unjust and that it was no longer equitable that the judgment remain in force. This appeal followed.

## II. *STANDARD OF REVIEW*

■ The trial court is vested with broad discretion when acting on motions to vacate judgments and this Court will not interfere with that action unless the record convincingly demonstrates an abuse of discretion. *In re Marriage of Clark*, 813 S.W.2d 123, 125 (Mo.App.1991).

## III. *LACK OF PERSONAL SERVICE WAS WAIVED*

Mr. Clark first claims that the trial court erred in setting aside the default judgment under Rule 74.06(b) because the court lacked personal jurisdiction over him due to the fact that the motion to set aside was not personally served on him by summons, as is required in the case of motions filed under Rule 74.06, but not in the case of motions filed under Rule 74.05. **Rule 74.06(c).**

Mr. Clark admits he never raised the defense of lack of jurisdiction in the trial court under Rule 74.06, and instead addressed the merits of the motion to set aside as if it had been properly brought under Rule 74.06. He argues that this should not be dispositive, however, for the motion purported to be one under Rule 74.05, and he had no jurisdictional defense to such a motion, and thus no opportunity to raise the jurisdictional issue below in his pleadings. He says that such an opportunity was required, pointing to the general rule that the defense of lack of jurisdiction over the person or improper service is waived if it is omitted from a motion raising defenses prior to answer or if it is neither made by motion nor included in a responsive pleading. **Rule 55.27(g)(1).**

■ We agree that an objection to personal jurisdiction or improper service is waived in the circumstances set out by Mr. Clark. It is also waived, however, even in the absence of such a pleading, if defendant defends the case on the merits or seeks affirmative relief prior to raising the issue of personal jurisdiction.[1]

This is what Mr. Clark did here. As is evident from the detailed factual recitation set out above, Mr. Clark was well aware that the motion in fact should be treated like one under Rule 74.06 rather than under Rule 74.05. Indeed, he raised this issue himself, and chose to address the merits of the motion under Rule 74.06 rather than moving to

1. *See Crouch v. Crouch*, 641 S.W.2d 86, 90–91 n. 4 (Mo. banc 1982) (waiver occurs where action is taken that is wholly inconsistent with assertion that trial court lacks personal jurisdiction); *Chapman v. Commerce Bank*, 896 S.W.2d 85, 87 (Mo.App.1995) (no waiver where merits of motion not addressed and only issue contested to date was whether trial court acquired personal jurisdiction). *Cf. Reece v. Reece*, 890 S.W.2d 706, 712 (Mo.App.1995) ("unless one first raises an objection to venue at the earliest possible opportunity, venue is waived by engaging in any action related to the merits of the case.").

deny the motion on the basis that it had been brought under the wrong rule. He offered the court numerous substantive reasons to deny the motion under Rule 74.06, and asked the court to do so in its discretion. It is only on appeal, after losing the motion on the merits, that he first argues that the trial court was without jurisdiction to hear the motion.

Mr. Clark was not entitled to pursue a strategy of addressing the merits in the trial court, while holding his procedural defenses until appeal so as to, in effect, give him a second bite at the apple if he lost on the substantive issues. For these reasons, we reject Mr. Clark's argument that he can raise the lack of personal service and lack of jurisdiction arguments for the first time on appeal. By defending on the merits without raising these issues below, Mr. Clark waived them and cannot raise them in this Court.

## IV. THE ORDER SETTING ASIDE THE JUDGMENT WAS BASED ON COMPETENT EVIDENCE

Mr. Clark also contends that the trial court abused its discretion in setting aside the judgment modifying the decree because there was no competent evidence to support the court's order in that Mrs. Clark's motion to set aside was not verified or supported by affidavits.

■ Mr. Clark is correct in noting that a motion to set aside a judgment cannot prove itself. *Dallas–Johnson Properties, Inc. v. Hubbard,* 823 S.W.2d 5, 6 (Mo.App.1991). Even if a motion contains sufficient allegations of fact to support setting aside a judgment, the motion cannot normally be granted unless it is verified, or supported by affidavits or sworn testimony produced at a hearing on the motion. *Id.*

For instance, in *Dallas–Johnson Properties,* plaintiff filed an unverified motion, requesting the court to set aside a default judgment under Rule 74.03 and 74.06(b), but failed to file any supporting affidavits or other documents. Nonetheless, the judg-

ment was set aside by the court without a hearing. The appellate court reversed, stating that in the absence of an affidavit or hearing there was "no competent evidence to support the court's judgment or which we can review on appeal." *Id.*

■ We agree with the rule stated in *Dallas–Johnson,* and that here, as in *Dallas–Johnson,* the motion was not verified and supporting affidavits or testimony were not offered. We also agree with Mr. Clark that the judgment below was not supported by competent evidence insofar as it purported to find that Mrs. Clark in fact had not received notice of any sort about the existence of the docket call. The latter was simply an assertion made by Mrs. Clark in her pleadings, and had not yet been supported by record evidence.[2]

We find, however, that the record was not devoid of competent evidence, as was true in *Dallas–Johnson.* Rather, the record contained a copy of the notice of trial setting itself and of the April 8, 1994, judgment granting Mr. Clark's motion to modify and denying the cross-motion of Mrs. Clark. In addition, the trial court had before it the facts admitted by Mr. Clark in his response to the motion to set aside, including the fact that Mrs. Clark had not appeared at the docket call and that the court had entered what it termed a "default" judgment based on her failure to appear. Moreover, Mr. Clark did not object below to the court's determination that it would dispose of this case without an evidentiary hearing. Mr. Clark is therefore hardly now in a position to argue that Judge Del Muro could not consider the above facts in reaching her judgment.

The limited record before Judge Del Muro supported her determination to set aside the judgment on a number of grounds. First, the underlying judgment itself notes that service of the Notice had been effected only on counsel for Mr. Clark and on Mr. Hanrahan. As discussed above, however, Mr. Hanrahan did not purport to represent her interests on any issue other than child support enforcement. For this reason, the trial court

---

**2.** We also agree with Mr. Clark that the court below was incorrect in holding that the April 8, 1994, judgment could be set aside as inequitable under Rule 74.06(b)(5). As discussed *infra,* however, we affirm the order below on alternative grounds specified by the judge in her order.

itself had previously noted that as to all other issues Mrs. Clark was proceeding *pro se* and should be served individually and independently with all filings by Respondent. Yet, the record offered unrefuted evidence of the court's own failure to serve Mrs. Clark with notice of the docket call.[3]

 As noted by the judge below, added to this failure is the fact that the Notice specifically stated only that "Failure to appear on the date and time may result in the dismissal of the petition, motion or cross-filing, and/or default judgment may be rendered." The Notice nowhere tells the parties that a judgment on the merits can or will be entered against the litigant if the litigant fails to appear. Yet, as was convincingly demonstrated by counsel for Mr. Clark in arguing that the motion to set aside should have been brought under Rule 74.06, the April 8, 1994, judgment was on the merits; it was not in fact a default judgment. A judgment on the merits entered without notice to the parties can clearly be set aside as irregular and voidable, if not inherently void, under Rule 74.06(b)(3) and (4). *See Beatty v. Conner*, 923 S.W.2d 455 (Mo.App.W.D.1996) (judgment entered without due process is void; judgment entered following failure to follow procedural requirements is irregular and voidable).

 Finally, the court below properly held that the "default" judgment was irregular under Rule 74.06(b)(3) in that it stated that the motions to modify came on regularly for hearing and that the court entered its order after hearing the evidence, whereas judgment was in fact entered following a docket call, without evidence having been heard nor notice given that judgment on the merits would be entered based on the pleadings.

For all of these reasons, we affirm the judgment below setting aside the judgment entered on April 8, 1994.

**All concur.**

---

3. Mr. Clark now argues that notice to Mr. Hanrahan should be sufficient despite the fact Mrs. Clark was proceeding *pro se* as to certain issues, because under Rule 43.01 "when there are more than one attorney involved in the case, notice to one is sufficient notice to all."

In fact, Rule 43.01 states that "When a party is represented by more than one attorney, service may be made upon any such attorney." Here, more than one attorney was *not* representing Mrs. Clark, her only attorney was Mr. Hanrahan. In any event, she was proceeding *pro se* as to all issues except child support, and thus she had no attorney representing her as to those issues. Notice was required to be given to her individually, as the court had itself recognized in ordering Mr. Clark's counsel to serve his pleadings on her directly.