**Keith Weston PARTRIDGE, By and Through his father and next friend, Russell Wayne ALLEN, Appellant,**

v.

**Tamera R. ANGLIN, Respondent.**

**No. WD 53727.**

Missouri Court of Appeals, Western District.

Sept. 23, 1997.

Hugh O'Donnell, Kansas City, for Appellant.

John Allinder, Independence, for Respondent.

SPINDEN, Judge.

This dispute concerns the name of a child born to Tamera Anglin and Russell Allen. On October 3, 1995, the circuit court granted Allen's request to change his son's name from Keith Weston Partridge to Keith Weston Allen. A year later, on October 3, 1996, Anglin asked the circuit court to set aside the judgment. The circuit court granted Anglin's motion on November 8, 1996, and Allen appeals. We reverse and remand so the circuit court can conduct a proper proceeding.

■ The circuit court granted Anglin's request to set aside the judgment without requiring Anglin to prove her allegations. This is reversible error. As this court's Eastern District held in *Dallas–Johnson Properties, Inc., v. Hubbard,* 823 S.W.2d 5, 6 (Mo.App.1991):

A motion to set aside a judgment cannot prove itself. *Vetter and Assocs., Inc. v. Dimarco Corp.,* 733 S.W.2d 459, 462 (Mo. App.1986). "[I]f the motion contains sufficient allegations of fact for its support, the motion thus must be verified, or supported by affidavits or sworn testimony produced at the hearing on the motion." *Hernandez v. Westoak Realty and Inv., Inc.,* 549 S.W.2d 906, 909 (Mo.App.1977).

Anglin's motion to set aside judgment was unverified and was not supported by affidavits or sworn testimony. The circuit court had no basis for granting her request.

The circuit court did hold arguments on Anglin's motion, and, during those arguments, Allen's attorney admitted that the child was born during Anglin's marriage to someone else:

THE COURT: ... Now it has come to my attention, and I believe that when the motion was filed ... to have the name changed on the birth certificate, this child was born during an intact marriage?

[ALLEN'S ATTORNEY:] That's correct, [Y]our Honor.

THE COURT: To someone else?

[ALLEN'S ATTORNEY:] That's correct.

THE COURT: So there's a presumption under the law that that person is not the child's father.

[ALLEN'S ATTORNEY:] That's correct, [Y]our Honor.

THE COURT: Very well. That was not the evidence that was presented originally.

Allen, however, told the circuit court that on December 5, 1988, the Circuit Court of Jackson County had found that Allen was the child's father and had ordered Allen to pay child support. Allen told the court, "There's a court order making that finding in this matter, so although the birth certificate states a different father, there is, in fact, a judgment that's been entered that says that Russell Allen is the natural father of the child involved in this case."[1] The court asked whether Allen had a certified judgment to present, but Allen did not. He asked the court for leave to file an attested copy of the judgment later, but the circuit court ignored his request and sustained the motion to set aside.

Allen then requested that he be given the opportunity to present evidence, but the circuit court denied his request. The circuit court said:

I'm done. I've made my ruling. This was the hearing. That's why it was set on the docket today.

You all were here. You were given an opportunity to present your case. I've heard enough that I know that this was a child born in a marriage in an intact family. There's a presumption that someone else was the father.

1. Even in her statement of facts on appeal, Anglin says, "Keith Weston Partridge is a child born

to Tamera Anglin and Russell Allen."

Based on what I have before me, and I've been shown nothing else, that there's been any declaration, I've made my ruling, my ruling is final.

Allen then made an offer of proof informing the court what the evidence would be. He asked the circuit court to make a ruling on the offer, but the transcript is silent as to the court's ruling.

Nothing in this record supports the circuit court's judgment. The circuit court did not allow the parties to present evidence on the matter. The court became unreasonably fixed on the "intact marriage" issue. We, therefore, reverse and remand to the circuit court with instructions for it to set aside its order granting Anglin's motion to set aside the judgment and to conduct a proper hearing.[2]

ULRICH, C.J., P.J., and BERREY, J., concur.

---

**2.** The basis for Anglin's request that the earlier judgment be set aside is that she did not have notice of the proposed name change and did not consent to it. Although she acknowledges that she did not establish these facts or even assert them in a verified petition, she contends that the circuit court took notice of its file and did not find a valid consent or notice of hearing served on her. We find nothing in the transcript suggesting that the circuit court took notice of anything.