**Mary REED, Appellant,**

v.

**Robert REED, Respondent.**

**No. WD 58707.**

Missouri Court of Appeals, Western District.

June 19, 2001.

Lyle L. Odo, Platte City, for appellant.

Peter J. Koppe, Kansas City, for respondent.

Before JOSEPH M. ELLIS, Presiding Judge, HAROLD L. LOWENSTEIN and VICTOR C. HOWARD, Judges.

ELLIS, Judge.

Appellant Mary Jane Reed appeals from an order entered in the Circuit Court of Platte County granting Respondent Robert Reed's Motion to Vacate Default Judgment pursuant to Rule 74.05(d).

On February 26, 1999, Appellant filed a petition for the dissolution of her marriage to Respondent. Respondent was personally served with that petition on March 7, 1999, but never filed a responsive pleading.

On January 26, 2000, Appellant scheduled a default hearing with the Circuit Court for February 10, 2000. On February 10, 2000, Appellant's attorney cancelled that hearing.

On February 14, 2000, Appellant filed her First Amended Petition for Dissolution of Marriage. Respondent was personally served with that petition that same day. Respondent again failed to file an answer or any other form of responsive pleading.

On March 16, 2000, the Circuit Court conducted a hearing and entered a Default Judgment of Dissolution of Marriage. The

Court awarded sole custody of the couple's three children to Appellant and granted Respondent visitation rights. In addition, after finding that the presumed amount of child support reflected in Appellant's Form 14 ($1,525.00 per month) was unjust and unreasonable due to high living expenses and childcare costs, the Court ordered Respondent to pay $1,830.00 per month in child support. The Court also awarded Appellant $2,000.00 in attorney's fees.

On March 17, 2000, the Circuit Court mailed a certified copy of the judgment to Respondent via certified mail. On March 20, 2000, Respondent received the judgment in the mail and signed the return receipt. On March 24, 2000, the Circuit Court amended its judgment to provide that Respondent's wages and other income would be subject to withholding if he became delinquent in his child support payments.

On April 20, 2000, Appellant filed an Application for Income Assignment with the Circuit Court alleging that Respondent had failed to pay any child support since the judgment had been entered. Appellant requested that the Court order Respondent's employer to withhold an appropriate amount from Respondent's wages to remedy his arrearage.

On April 25, 2000, the Circuit Court entered its Judgment Ordering Income/Wage Assignment in which it ordered Respondent's employer to withhold $2,745.00 per month (his current monthly obligation and 50% of one month's delinquency) until Respondent's delinquency was paid in full. This judgment was served upon Respondent's employer on April 27, 2000.

On May 9, 2000, Respondent filed a motion to set aside the default judgment and to allow him to answer Appellant's petition out of time. In that motion, Respondent alleged that withholding $2,745.00 from his $3,600 monthly income would not leave him enough to support himself. Respondent also claimed "[t]hat the judgment was patently unfair to Respondent." Respondent further alleged that he had "good cause" for not filing an answer to Appellant's petition because Respondent did not want to dissolve his marriage and had become "despondent and depressed" since Appellant began the proceedings. Respondent claimed that his ability to understand the nature of the proceedings was impaired by his depression over his failing marriage. He also claimed that he did not know that his wife could proceed against him without further notice.

On May 18, 2000, counsel for both parties argued the motion before the Circuit Court. Counsel for Respondent claimed that her client was "emotionally distraught" when he received Appellant's amended petition and "unfortunately did not respond in thirty days." With regard to a meritorious defense to Appellant's petition, counsel argued that the amounts listed on Appellant's Form 14 were likely incorrect with respect to childcare costs and the cost of health insurance for the children. Counsel's argument also indicated that the salary amount for Respondent reflected on Appellant's Form 14 was higher than his actual monthly salary. Counsel further argued that it was unfair for the trial court to have ordered Respondent to pay over half of his gross income toward child support and that her client was not left sufficient money to cover his own living expenses.

Counsel for Appellant then pointed out to the court that Respondent's motion to set aside the default judgment was not verified and that Respondent had not presented any evidence to the court to support his motion. Counsel argued that Respondent had failed to include sufficient pleadings in his motion to warrant an evi-

dentiary hearing, but that if the pleadings were sufficient, an evidentiary hearing would be required in order for the Court to have any evidence on which to render a judgment. Counsel asserted that the Court could not set aside the judgment based solely on the unverified pleadings and unsupported arguments of Respondent's counsel. Counsel contended that Respondent had failed to establish good cause for failing to file an answer merely based on unsupported claims that Respondent was depressed about the divorce. Counsel also claimed that Respondent had failed to show that he had a meritorious defense to Appellant's petition as required under Rule 74.05(d). Later that day, Appellant filed her motion in opposition to setting aside the default judgment, further elaborating on the arguments set forth at the hearing.

On May 22, 2000, the Circuit Court entered its order setting aside the default judgment for "good cause shown." The Circuit Court subsequently certified the matter for appeal. Appellant brings four points on appeal.

■■■ When reviewing the circuit court's decision on a motion to set aside a default judgment, we will affirm the circuit court's decision unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Young v. Safe–Ride Servs.*, 23 S.W.3d 730, 732 (Mo. App. W.D.2000). "The setting aside of a judgment is traditionally within the discretion of the trial court, and that ruling will not be interfered with in the absence of an abuse of discretion." *Meramec Valley Bank v. Joel Bianco Kawasaki Plus, Inc.*, 14 S.W.3d 684, 689 (Mo.App. E.D.2000). Moreover, because of the law's distaste for default judgments, the circuit court is allowed greater discretion in granting a motion to set aside a default judgment than it

is in denying such a motion. *Id.; Billingsley v. Ford Motor Co.*, 939 S.W.2d 493, 498 (Mo.App. S.D.1997). "This discretion is even more restrictive in divorce actions," because "[i]n a divorce case, there is practically no such thing as a divorce decree by confession and courts disfavor 'default judgments' in dissolution of marriage cases because of the state's interest in the welfare of the parties.'" *Bell v. Bell*, 849 S.W.2d 194, 198 (Mo.App. W.D.1993) (quoting *Moseley v. Moseley*, 744 S.W.2d 874, 878 (Mo.App. S.D.1988)).

■■■ In the case at bar, the circuit court granted Respondent's motion under Rule 74.05. "Rule 74.05 allows the court to set aside a default judgment 'within a reasonable time not to exceed one year after the entry of the default judgment,' and upon a showing of a meritorious defense and for good cause." *Young*, 23 S.W.3d at 732 (quoting Rule 74.05). "Under this rule, a party to a dissolution case who seeks to have a default judgment therein set aside must do two things: First, the moving party must satisfy the pleading requirements of Rule 74.05(d), and, second, such party must show 'good cause' for setting aside the dissolution judgment at an evidentiary hearing." *Tyree v. Tyree*, 978 S.W.2d 846, 849 (Mo. App. S.D.1998). The party filing the motion to set aside a default judgment must plead and then demonstrate both that he had good cause for not filing a responsive pleading and that he had a meritorious defense to the plaintiff's petition. *Crain v. Crain*, 19 S.W.3d 170, 174 (Mo.App. W.D. 2000).

■■■ In three of her four points, Appellant argues that Respondent's pleadings were insufficient to support his motion under Rule 74.05(d) and that the motion should have been denied without an evidentiary hearing. "Entitlement to an evidentiary hearing on a motion to set aside a

default judgment depends on meeting the pleading requirements of Rule 74.05." *Stradford v. Caudillo,* 972 S.W.2d 483, 485 (Mo.App. W.D.1998). "Under the explicit terms of Rule 74.05(d), a motion to set aside a default judgment must state facts constituting both a meritorious defense and good cause for the default." *Id.* "When deciding whether a moving party has complied with the pleading requirements of Rule 74.05(d), courts examine the allegations set forth in the motion to set aside the default judgment and consider the contents of any accompanying materials such as affidavits, exhibits, and proposed answers." *Tyree,* 978 S.W.2d at 849.

In two of her points, Appellant argues that Respondent failed to sufficiently plead facts in his motion to establish "good cause" for failing to file a responsive pleading. "Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Rule 74.05(d). Under the language of Rule 74.05(d), " 'good faith mistakes [may] constitute good cause, and a default judgment can be vacated even if the movant has negligently failed to file a timely answer.' " *Billingsley,* 939 S.W.2d at 498 (quoting *Myers v. Pitney Bowes, Inc.,* 914 S.W.2d 835, 839 (Mo.App. S.D. 1996)). " 'The good cause requirement of Rule 74.05(d) is satisfied by proving that the party in default did not recklessly or intentionally impede the judicial process.' " *Id.* (quoting *Myers,* 914 S.W.2d at 839). " 'Good cause' is to be interpreted liberally, 'not only to prevent a manifest injustice but to avoid a threatened one especially in cases tried without a jury where evidence on one side only is presented.' " *Young,* 23 S.W.3d at 732 (quoting *Brueggemann v. Elbert,* 948 S.W.2d 212, 214 (Mo.App. E.D. 1997)).

Appellant claims that Respondent's actions went beyond mere negligence and should be deemed reckless or intentional. " 'A person is negligent, if his inadverence, incompetence, unskillfulness or failure to take precautions precludes him from adequately coping with a possible or probable future emergency.' " *Billingsley,* 939 S.W.2d at 498 (quoting *In re Marriage of Williams,* 847 S.W.2d 896, 900 (Mo.App. S.D.1993)). " 'To be reckless, a person makes a conscious choice of his course of action, 'either with knowledge of the serious danger to others involved in it or with knowledge of the facts which would disclose the danger to any reasonable man.' " *Id.* at 498–99 (quoting *Williams,* 847 S.W.2d at 900). "Recklessness involves some element of deliberateness and of risk." *Brueggemann,* 948 S.W.2d at 214; *Meramec Valley Bank,* 14 S.W.3d at 689.

In his motion pleadings, Respondent claimed that the depression resulting from his wife filing for divorce was so severe that it impaired his ability to understand the nature of the proceedings against him. If sufficiently established through competent evidence, this fact could warrant a finding of good cause by the circuit court. If a mental condition prevented Respondent from understanding the need to file an answer or the consequences of such a course of action, his actions could not be deemed to be intentional or reckless and could constitute good cause. *See, Keeler v. Farmers & Merchants Ins. Co.,* 724 S.W.2d 307, 309 (Mo.App. S.D.1987) (stating that a mental disease finding can negate the issue of intent). While Respondent's allegations as to good cause are somewhat meager, in light of the liberal standard of review we must apply, we conclude that they were sufficient to warrant an evidentiary hearing on the subject.

Appellant also contends that Respondent failed to sufficiently plead a meritorious defense to her petition in his motion. "[T]he 'meritorious defense' requirement of Rule 74.05(d) requires only that the defaulting party 'demonstrate at least an arguable theory that would defeat the plaintiff's claim.'" *In re Marriage of Balough,* 983 S.W.2d 618, 623 (Mo.App. S.D.1999). "'This does not mean, however, that such a defense must be conclusively proven,'" and "'[i]t is enough that some showing be made of the existence of at least an arguable theory from which a defense may be made.'" *Newton v. Manley,* 824 S.W.2d 522, 525 (Mo.App. S.D. 1992) (quoting *Gibson by Woodall v. Elley,* 778 S.W.2d 851, 855 (Mo.App. W.D.1989)). "'[D]efense' in 74.05(c) is not used in a restrictive sense, but means any factor which is likely to have a material effect on the substantive result of the case." *Bell,* 849 S.W.2d at 198. Accordingly, the motion to set aside a default judgment must "state facts that would raise a meritorious defense 'likely to materially affect the substantive result of the case.'" *Crain,* 19 S.W.3d at 175 (quoting *Palmer v. Hawkeye Sec. Ins. Co.,* 1 S.W.3d 591, 593 (Mo.App. E.D.1999)).

In a dissolution action, the party attempting to have the default judgment set aside may satisfy the meritorious defense requirement by indicating the desire to present evidentiary matters to the trial court that would be properly considered in dividing the marital property or assessing child support or maintenance, if those evidentiary matters could have materially affected the trial court's judgment on those issues. See, *Bell,* 849 S.W.2d at 199.

Respondent generally alleged that the amount of child support awarded was excessive and that the judgment was "patently unfair to Respondent." In advancing those claims, Respondent's counsel challenged the amounts reflected in Appellant's Form 14 related to Respondent's salary, the cost of health insurance for the children, and the daycare expenses paid by Appellant. Counsel also argued that it was unfair to have deviated from the presumed Form 14 amount to the point that Respondent was required to pay over half of his gross monthly income toward child support. Evidence supporting these contentions could materially affect the substantive result of the case. Likewise, evidence regarding Respondent's own financial condition and living expenses could materially alter the trial court's decision to deviate from the presumed amount of child support reflected on Appellant's Form 14, resulting in the order that Respondent pay $300 more than the presumed amount. Certainly, more specific factual allegations, including the allegedly correct amounts to be entered on the Form 14, will need to be established in an evidentiary hearing on Respondent's motion in order to sufficiently satisfy the meritorious defense requirement. See, *Crain,* 19 S.W.3d at 175. However, we conclude that Respondent sufficiently asserted a potentially meritorious defense to warrant an evidentiary hearing.

In her remaining point, Appellant argues that the circuit court's decision to set aside the default judgment was not supported by sufficient evidence. Appellant notes that Respondent failed to verify his petition or to present the court with any evidence to support the pleadings in his motion. Appellant claims that the oral argument offered by Respondent's counsel did not provide competent evidence to support the circuit court's decision.

In the case at bar, the circuit court granted Respondent's motion without requiring Respondent to prove his allegations. The party filing the motion to set

aside a default judgment bears the burden of proving that they had a reasonable excuse for failing to respond to the summons and petition. *Crain,* 19 S.W.3d at 174. "[A] motion to set aside a judgment cannot prove itself." *Clark v. Clark,* 926 S.W.2d 123, 127 (Mo.App. W.D.1996). "Even if a motion contains sufficient allegations of fact to support setting aside a judgment, the motion cannot normally be granted unless it is verified, or supported by affidavits or sworn testimony produced at a hearing on the motion." *Id.; See also In re Marriage of Dooley,* 15 S.W.3d 747, 754 (Mo.App. S.D.2000); *Rocky Ridge Ranch Property Owners Ass'n v. Smith,* 14 S.W.3d 623, 623 (Mo.App. E.D.1999); *Partridge By and Through Allen v. Anglin,* 951 S.W.2d 737, 738 (Mo.App. W.D.1997); *Dallas–Johnson Properties, Inc. v. Hubbard,* 823 S.W.2d 5, 6 (Mo.App. E.D.1991). Granting a motion to set aside a judgment without requiring the party in default to prove the allegations in their motion is reversible error. *Anglin,* 951 S.W.2d at 738–39.

In this case, Respondent's motion was not verified, Respondent did not present any affidavits in support of his motion, and the circuit court did not conduct an evidentiary hearing to allow Respondent the opportunity to present testimony or other evidence in support of the pleadings contained in his motion.[1] Where the motion to set aside a judgment is unverified and unsupported by affidavits or sworn testimony, the circuit court has

no basis for granting the motion. *Id.* at 738. Despite suggestions from both parties that an evidentiary hearing might be necessary to decide Respondent's motion, the trial court decided to grant the motion without conducting such a hearing. As a result, there is nothing in the record before us to support the circuit court's judgment. We, therefore, reverse and remand to the circuit court with instructions for it to set aside its order granting Respondent's motion to set aside the judgment and to conduct a proper hearing. *Id.* at 739.

All concur.

---

1. Respondent claims that Appellant waived any claim related to the trial court's decision to decide the motion without an evidentiary hearing by failing to object to that course of action. This argument is wholly void of merit. As noted, *supra,* Appellant extensively argued at the motion hearing and in her written pleadings that Respondent had failed to verify the motion or present any evidence in support thereof. Appellant argued that Respondent had not included sufficient pleadings in his motion to warrant an evidentiary hearing, but that if he had provided sufficient pleadings, an evidentiary hearing would be necessary for him to show the requisite elements. Appellant could not have more clearly raised this issue before the trial court and cannot be deemed to have waived an evidentiary hearing.