Marie BALDWIN, Respondent,

v.

Robert L. BALDWIN, Appellant.

No. 25190.

Missouri Court of Appeals,
Southern District,
Division Two.

July 8, 2003.

Joseph L. Hensley, The Hensley Law Firm, L.L.C., Joplin, for appellant.

Christopher S. Warden, Joplin, for respondent.

JOHN E. PARRISH, Judge.

This is an appeal of the property classification and distribution in a dissolution action brought by Marie Baldwin (wife).

Robert L. Baldwin (husband) appeals parts of the classification and award of property and a finding that there was $141,887.70 [1] in marital funds due wife. The judgment is affirmed in part, reversed in part, and remanded with directions.

The parties married May 7, 1999. They separated in November 2000. Wife filed the action that is the subject of this appeal April 11, 2001.

Husband asserts five points on appeal. Each is directed to specific provisions of the trial court's property award. Facts applicable to each point are set out in the parts of the opinion that address the award about which the point complains.

■ Point I is directed to the trial court's classification of a 1981 Jaguar automobile as wife's non-marital property. Husband contends this was error; "that Husband bought the car before the marriage and never titled it in Wife's name or gave it to her."

The trial court entered written findings of fact and conclusions of law. They state that wife owned items of personal property prior to the marriage that were her sole and separate property and listed those items. One of the items listed is "1981 Jaguar" valued at $5,000. The dissolution judgment includes the declaration in paragraph B of the decretal part of the judgment:

> That the marital and non-marital property ... be determined, divided, set over and allocated in accordance with the [trial] Court's Findings of Fact and Conclusions of Law which are hereby incorporated herein and made a part

hereof as fully as if set out at length herein and [wife's] Amended Summary of Marital and Non–Marital Property and Liabilities (Petitioner's Exhibit # 38). . . .

Paragraph B ends with the designation "as follows" with a colon punctuating that paragraph. Nothing follows in paragraph B; however, paragraph E that appears thereafter states, "The Court finds the following as non-marital property of [wife] and is hereby awarded to her." It is followed by a list of items. One of those items is "1981 Jaguar" followed by an asterisk. This court finds nothing, however, that the asterisk references.

Petitioner's Exhibit # 38 that is referenced in the judgment appears to be an eight-page computer generated form with the word "AMENDED" handwritten above the printed title *"PETITIONER'S SUMMARY OF MARITAL AND NON–MARITAL PROPERTY AND LIABILITIES."* A ninth page is attached that includes an unexecuted authentication prepared for signature, before a notary public, by wife. Neither the authentication nor the acknowledgment is signed. What appears to be a photographic copy of the exhibit was filed with this court.

The sixth page of the exhibit has a list of items described and valued with a "disposition" column for designations "W" and "H". Some of the items are printed on the form. Others are handwritten. At the top of the page, immediately below column headings, appears the letter and words "S NON–MARITAL PROPERTY." [2] One of the printed items is "1981 Jaguar*." An asterisk appears in the middle of page six

---

1. The legal file states the amount in question as both $141,887.70 and $141,889.70. The parties' briefs state the amount as $141,887.70. This opinion has used the amount stated by the parties without further verification. The difference is *de minimis*.

2. It appears that the letter "S" was preceded by a further designation, inferably "WIFE'," that was folded under on the copy machine that produced the copy filed with this court.

of the form, several spaces below the identification of the Jaguar as follows, " *Husband gave wife the 1981 Jaguar when he sold Wife's car." Hand-drawn lines cross the words and asterisk, "1981 Jaguar,* " and the words and asterisk, " *Husband gave wife the 1981 Jaguar when he sold Wife's car" where they appear further down the page. Printed on the eighth page of the form are:

Prepared by: Christopher S. Warden  Date: March 21, 2002
Attorney for Petitioner

The trial court findings are ambiguous regarding the basis for its ruling that the Jaguar automobile was non-marital property. The findings of fact state the automobile was owned by wife prior to the marriage and is, therefore, her sole and separate property. *See* § 452.330.2, RSMo 2000. (" '[M]arital property' means all property acquired by either spouse *subsequent* to the marriage." [Emphasis added.]) Petitioner's Exhibit # 38, however, lists the automobile as non-marital property with the explanation, "Husband gave wife the 1981 Jaguar when he sold Wife's car." Although the exhibit appears to have been prepared by wife's trial attorney, the judgment states that marital and non-marital property is "determined, divided, set over and allocated" according to the trial court's findings of fact and conclusions of law that are incorporated by reference "and [wife's] Amended Summary of Marital and Non–Marital Property and Liabilities (Petitioner's Exhibit # 38) . . . ."

An appellate court lacks ability to definitively rule on issues that are subject to ambiguities and inconsistencies in the trial court's judgment. *Brick House Cafe & Pub, L.L.C. v. Callahan,* 83 S.W.3d 43, 45 (Mo.App.2002). "This court may not speculate as to the grounds on which a trial court bases its ruling." *Kunkel v. Kunkel,* 84 S.W.3d 557, 560 (Mo.App.2002). When the part of a dissolution judgment that classifies and distributes property as required by statute is ambiguous with respect to the basis for its determination, it must be reversed and remanded to permit the trial court to clarify its award. *Id.* at 561. In the event, upon remand, the trial court considers wife's claim that the automobile in question was a gift, it may wish to consider the decision the Western District of this court reached in *Heineman v. Heineman,* 768 S.W.2d 130 (Mo.App.1989). Point I is granted insofar as remand is required for the trial court to review and clarify its basis for concluding the property was non-marital property of wife.

Points II and III are directed to an Ameritrade margin account that was found to be marital property and awarded one-half to each party. Point II contends the trial court erred in finding the account was marital property. Point III asserts, in the alternative, that if Point II is denied, the trial court nevertheless erred in valuing the account "in that this account was a margin account, it's [sic] gross value must be reduced by the $9,309.00 loan against it."

Husband testified that he established the Ameritrade account in "[f]irst of 98." When asked if he told his wife about the account, he answered only, "Well, I mean, it never came up in discussions. She watched me make trades and stuff." The trial court found:

[Husband] has maintained a brokerage account with Ameritrade . . . which account is presently valued at Thirty–Eight Thousand Five Hundred Ten Dollars ($38,510.00). [Husband] testified that the Ameritrade Account was opened in 1998, however, aside from his

testimony, [husband] failed to produce any documentary evidence as to when the account was opened or what source of funds was used to purchase the account. The Court finds that [husband] has intentionally mislead [sic] [wife] regarding information about assets and that Petitioner's Exhibit # 31 does not indicate when the account was opened.[3] The Court further finds that the Ameritrade account is marital property. The Court finds that [wife] is entitled to $19,255.00 of this account as her share of the marital property.

▪ The trial court may judge the credibility and assign weight to evidence and testimony and is free to believe none, part or all of the testimony presented. *Love v. Love,* 72 S.W.3d 167, 171 (Mo.App.2002). "When characterizations of property as marital or separate rest on an assessment of witness credibility, this court defers to the trial court's determination of that credibility." *Beckham v. Beckham,* 41 S.W.3d 908, 911–12 (Mo.App.2001). Point II is denied.

▪ Point III argues the trial court's valuation of the Ameritrade account is incorrect because it did not take into consideration that there was a $9,309.00 loan against the account. The exhibit the trial court relied on in valuing the account, Petitioner's Exhibit # 31, disclosed that the account was a margin account with an indebtedness of $9,308.55 owed against the margin of the account. The valuation of marital property must be supported by the evidence. *Morse v. Morse,* 80 S.W.3d 898, 905 (Mo.App.2002). The trial court did not consider the indebtedness in valuing the Ameritrade account. Point III is granted. On remand, the trial court is directed to consider the indebtedness attributable to the account. It may determine whether any change in value affects the distribution of marital assets and, if so, make such award as it deems appropriate.

Point IV contends the trial court erred in classifying a "Jefferson–Pilot 'Rollover' IRA" as marital property; "that Husband opened this account before the marriage and made no additional contributions to it from the marital property." The evidence before the trial court regarding the Jefferson Pilot account, other than husband's testimony, was a statement of account for the period "08–09–2000 thru 08–09–2001," Petitioner's Exhibit # 20. It reflected a flexible premium annuity policy held by petitioner. The trial court found with respect to the policy "that the policy date listed on Petitioner's Exhibit # 20 is August 9, 2000." If found, "Although [husband] testified that he purchased said annuity in the year 1999, the statement clearly shows that the initial premium deposited was on August 9, 2000 in the sum of Sixty–Six Thousand Two Hundred–Nine and 69/100 Dollars ($66,209.69) and that the beginning balance prior to this date was zero." The trial court identified interest credited to the policy and determined its total value was $72,300.98 that it found was marital property. It stated:

> The Court finds that [husband] has failed to provide credible evidence which is clear and convincing that the source of funds used to purchase the account or the date when the account was opened and therefore the whole account is marital property.

As stated with respect to Point III, this court defers to the trial court when asset characterization is based on witness credi-

---

**3.** Petitioner's Exhibit # 31 is an account statement from Ameritrade for the period "10/27/2001—11/30/2001."

bility. *Beckham, supra.* Point IV is denied.

Point V contends the trial court erred in finding marital funds in the amount of $141,887.70 were unaccounted for and that said funds were owed wife. Husband argues the trial court's calculation of expenses in ascertaining the amount of funds remaining was flawed. He argues the trial court's calculations failed to reflect fluctuations in his living expenses or in his rental income and expenses.

■ Husband's appellate brief provides no citation of authority for Point V. Rule 84.04(d)(5) requires:

> Immediately following each "Point Relied On," the appellant . . . shall include a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies.

"If no authority is available, an explanation should be made for its absence, and the failure to either cite relevant authority or explain its absence justifies a conclusion that the point is abandoned." *Champion v. J.B. Hunt Transport, Inc.,* 6 S.W.3d 924, 931 (Mo.App.1999). Point V is denied.

The part of the judgment identifying the basis for classifying the property to which Point I is directed as non-marital property is reversed. The trial court's valuation of the property identified in Point III is reversed. The case is remanded with directions that the trial court determine the basis for declaring the 1981 Jaguar automobile non-marital property. In the event it concludes such basis exists, it shall enter such findings or conclusions necessary to state the basis for its ruling. In the event it concludes the automobile is marital property, it shall do likewise. The trial court is further directed to value the Ameritrade account considering the indebtedness owed thereon. Mindful that changes could occur that would affect the overall distribution of marital property, the trial court, on remand, is authorized to modify the marital property award previously made if it deems appropriate to do so in the exercise of its discretion. In all other respects the judgment is affirmed.

PREWITT, P.J., and SHRUM, J., concur.