PER CURIAM.
 

 The Circuit Court of Taney County granted Eugene Brown, d/b/a Best Roofing’s (“Respondent”) motion pursuant to Rule 74.06
 
 [1]
 
 for relief from a judgment
 
 *436
 
 entered in favor of Phyllis Johnson (“Appellant”). Finding her appeal to have merit, we reverse.
 

 Appellant contracted with Respondent to replace the roof on her home, for which she paid $5,355 when the work was completed on August 27, 1999. In October 2000, Appellant returned from a trip and found substantial damage resulting from water coming through the ceiling of one of her rooms. After several unsuccessful efforts by Appellant to get Respondent to fix the leaking roof, Appellant hired Rick Holt (“Holt”) in January 2001 to put another new roof on her home, for which she paid him $10,000. Appellant has had no leakage problems since Holt completed his work.
 

 Appellant filed a five-count petition for damages against Respondent, the first two counts alleging that Respondent intentionally misrepresented to Appellant the costs of the labor and materials to repair the roof, the third count alleging a violation of Section 407.020,
 
 [2]
 
 the fourth alleging that Respondent intentionally misrepresented to Appellant that he would complete the work on her home in a workmanlike manner, and the fifth count alleging a breach of contract. Respondent counterclaimed for malicious prosecution. Appellant’s motion for summary judgment, alleging that Respondent’s claim for malicious prosecution was without merit, was granted by the trial court. Appellant elected to proceed on Count IV of the petition and trial by the court was held on October 15, 2003. On October 21, 2003, the trial court entered judgment in favor of Appellant in the amount of $15,355.
 

 On November 24, 2003, Respondent filed a “Motion for New Trial/Motion to Reconsider” claiming that the judgment was against the weight of the evidence. The trial court then amended the original judgment on December 23, 2003, changing the amount of the judgment to $10,000. Appellant filed a “Motion to Vacate and Set Aside Order and Reinstate Judgment” on January 8, 2004, alleging that the trial court was without jurisdiction to amend the judgment because more than thirty days had passed between the trial court’s entry of judgment and its amended judgment. On January 22, 2004, the trial court sustained Appellant’s motion and set aside its amended judgment of December 23, 2003. On January 23, 2004, Respondent filed a motion for relief from a judgment pursuant to Rule 74.06(a) and (b), alleging that the amount of the judgment should be changed to $10,000. The trial court sustained Respondent’s motion on March 10, 2004, amending the original judgment amount to $10,000. This appeal followed.
 

 Respondent’s motion for relief from a judgment, pursuant to Rule 74.06(a) and, (b), alleged only:
 

 1. Rule 74.06 permits relief at any time from clerical mistakes in Judgments.
 

 2. Rule 74.06(b) permits the court to grant the [sic] relief from Judgments based on mistake, inadvertence, or excusable neglect.
 

 3. The proper amount of Judgment in the above-captioned case is $10,-000[ ]. To allow otherwise would allow a double collection for [Appellant].
 

 The motion was not verified, nor was it supported by affidavits. Furthermore, though the record shows that a hearing was held on the motion, there is nothing in the record to indicate that testimony was given or evidence received.
 

 We will not interfere with the trial court’s decision to vacate a judgment “unless the record convincingly demonstrates an abuse of discretion.”
 
 Clark v.
 
 
 *437
 

 Clark,
 
 926 S.W.2d 123, 126 (Mo.App. W.D.1996). Here, the trial court did not specify whether it sustained Respondent’s motion for relief from a judgment based on Rule 74.06(a) or (b). We find this to be analogous to a situation where the trial court does not specify its grounds for granting an order of dismissal or summary judgment. In those situations, we presume that the trial court based its decision on the grounds presented in the motion for dismissal or summary judgment.
 
 See Central Missouri Elec. Co-op. v. Balke,
 
 119 S.W.3d 627, 635 (Mo.App. W.D.2003);
 
 Auld v. Adler,
 
 96 S.W.3d 920, 923 (Mo.App. W.D.2003).
 
 [3]
 
 Appellant addresses both Rule 74.06(a) and Rule 74.06(b) in her four points on appeal.
 

 In points I and II, Appellant claims that the trial court erred in sustaining Respondent’s motion for relief from the judgment under both subsections (a) and (b) of Rule 74.06 in that it was not supported by affidavits or sworn testimony setting forth the grounds upon which the motion should be granted. Though Appellant contends that her argument in points I and II pertains to both subsections (a) and (b) of Rule 74.06, she only cites authority relating to Rule 74.06(b). In point IV, she claims that the trial court erred in sustaining the motion under Rule 74.06(b) in that the motion failed to set forth facts demonstrating mistake, inadvertence, or excusable neglect as to either a party or the trial court. We will address points I, II, and IV together as those points relate to Rule 74.06(b).
 

 Rule 74.06(b) provides, in pertinent part, that “[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]” However, a party seeking relief from a judgment under Rule 74.06(b) has certain other requirements that must be met. “A motion to set aside a judgment cannot prove itself.”
 
 Dallas-Johnson Properties, Inc. v. Hubbard,
 
 823 S.W.2d 5, 6 (Mo.App. E.D.1991);
 
 see also Clark,
 
 926 S.W.2d at 127. There must be competent evidence to establish mistake, inadvertence, or excusable neglect.
 
 Gibson v. White,
 
 904 S.W.2d 22, 26 (Mo.App. W.D.1995). “If the motion contains sufficient allegations of fact for its support, the motion thus must be verified, or supported by affidavits or sworn testimony produced at the hearing on the motion.”
 
 Dallas-Johnson Properties, Inc.,
 
 823 S.W.2d at 6.
 

 The only allegations of Respondent’s motion relating to the grounds for relief stated in Rule 74.06(b) are “Rule 74.06(b) permits the Court to grant the [sic] relief from Judgments based on mistake, inadvertence, or excusable neglect” and “[t]he proper amount of Judgment in the above-captioned case is $10,000. To allow otherwise would allow a double collection for [Appellant].” There are no allegations in the motion of facts which could legally support a finding of mistake, inadvertence, or excusable neglect. The petition was not verified, nor were any affidavits provided to evidence any such facts. Furthermore, there is nothing in the record here suggesting that mistake, inadvertence, or- excusable neglect was present.
 

 
 *438
 
 Appellant argues that it is possible that Respondent, when he stated in his motion that the proper amount of the judgment was $10,000 and “[t]o allow otherwise would allow a double collection for [Appellant],” could be alleging a mistake, inadvertence or excusable neglect on the part of the trial court. She claims that Respondent cannot prevail on such an allegation but cites no specific authority for this argument, only stating that a common theme throughout the cases cited in her brief dealing with Rule 74.06(a) and (b) is that the rule allows the trial court to review for mistakes of a party and not the trial court. Even if we were to accept Appellant’s blanket statement, Respondent’s motion does not provide any evidence or facts upon which we could find mistake, inadvertence or excusable neglect on the part of anyone, including the trial court. We therefore need not address Appellant’s claim that a motion under Rule 74.06 can never be used to allow the trial court to correct its own mistake, inadvertence or excusable neglect. We do note, however, that Rule 74.06 does not serve as an alternative to a timely appeal,
 
 Love v. Board of Police Com’rs,
 
 943 S.W.2d 862, 863 (Mo.App. E.D.1997), and that “[a] mistake of law does not constitute grounds to set aside a judgment under Rule 74.06(b).”
 
 Gibson,
 
 904 S.W.2d at 25. We find, therefore, that there is no competent evidence on which Respondent’s motion is based, and the trial court abused .its discretion by sustaining Respondent’s motion under Rule 74.06(b). Appellant’s points I, II, and IV have merit.
 

 Appellant addresses Rule 74.06(a) in point III and asserts that the trial court erred in sustaining Respondent’s motion under that rule because the record is devoid of any indication that a clerical mistake had been made or that judgment had been entered due to oversight or omission. Rule 74.06(a) provides that when there is a clerical mistake in a judgment, it may be corrected by the trial court at any time on its own initiative or by the motion of any party. This rule is the modern codification of the trial court’s power to grant an order
 
 nunc pro tunc
 
 to correct clerical mistakes.
 
 In re Marriage of McIntosh,
 
 126 S.W.3d 407, 412-413 (Mo.App. S.D.2004);
 
 Pirtle v. Cook,
 
 956 S.W.2d 235, 241 (Mo. banc 1997). An order
 
 nunc pro tunc
 
 merely causes “the record to conform to the true judicial determination of the parties’ rights” by correcting a clerical error.
 
 Pirtle,
 
 956 S.W.2d at 243. Furthermore, it “must be supported by some entry, minute or notation in the record” and parol evidence will not provide this support.
 
 Miller v. Varity Corp.,
 
 922 S.W.2d 821, 824 (Mo.App. E.D.1996). “Clerical errors do not include judicial errors and the rule may not be used to enter a judgment different from that judgment actually made even if the judgment made was not the judgment intended.”
 
 Hassler v. State,
 
 789 S.W.2d 132, 133-34 (Mo.App. E.D.1990).
 

 The trial court’s order sustaining Respondent’s motion under Rule 74.06(a) was an improper use of an order
 
 nunc pro tunc.
 
 The bare statements in the motion that “Rule 74.06 permits relief at any time from clerical mistakes in Judgments” and “[t]he proper amount of Judgment in the above-captioned case is $10,000. To allow otherwise would allow a double collection for [Appellant]” provide no indication as to whether a clerical mistake was actually made or as to where the record evidences such a mistake. Furthermore, a review of the record on appeal shows that it is devoid of any entry indicating that the proper amount of the judgment was $10,000 and not $15,355. The proper method for making such an amendment would have been an amendment to the judgment under Rule 75.01. However, this method was attempted in the case and the trial court set aside its amended judgment because it was without jurisdiction to make
 
 *439
 
 such an amendment. There is nothing in the record to support any conclusion other than that this was an improper use of an order
 
 nunc pro tunc.
 
 Therefore, we find that the trial court abused its discretion in granting Respondent’s motion for relief from judgment on the basis of Rule 74.06(a). Appellant’s point III also has merit.
 

 The trial court’s judgment sustaining Respondent’s motion for relief from a judgment is reversed with orders to reinstate the original judgment amount of $15,355.
 

 [1]
 

 . All rule references are to Missouri Rules of Civil Procedure (2003) unless otherwise speci-fled.
 

 [2]
 

 . All references to statutes are to RSMo (2000) unless otherwise indicated.
 

 [3]
 

 .
 
 But see Baldwin v. Baldwin,
 
 109 S.W.3d 247, 249 (Mo.App. S.D.2003) (stating, "This court may not speculate as to the grounds on which a trial court bases its ruling.”). This case involved ambiguous findings in a dissolution case where a statute required a basis for the determination of the trial court.
 
 Id.
 
 We ordered it remanded to the trial court for clarification.
 
 Id.
 
 Here, it is clear from the trial court's judgment that it based its ruling on Rule 74.06, but it is unclear on which subsection it relied. We find this to be specific enough for us to examine both subsections (a) and (b).