STATE of Missouri, ex rel. Jeremiah
W. NIXON, Missouri Attorney
General, Respondent,

v.

James RUES, Appellant.

No. WD 70590.

Missouri Court of Appeals,
Western District.

Dec. 15, 2009.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 2, 2010.

Application for Transfer Denied
March 23, 2010.

James P. Rues, Cameron, MO, pro se.

Laura E. Elsbury, Jefferson City, MO, for Respondent.

Before JOSEPH M. ELLIS, P.J., VICTOR C. HOWARD, and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

James Rues appeals from the circuit court's denial of his motion to set aside the default judgment entered in the State's action against him for incarceration reimbursement. In particular, Rues contends that the circuit court lacked subject matter jurisdiction over this matter and did not acquire personal jurisdiction over him or the non-resident parties and entities in-volved in this case. He also asserts that he was entitled to relief as a matter of law pursuant to Rules 55.09 and 55.27(g)(3). We disagree.

On October 9, 2007, the circuit court granted a default judgment in favor of the State in its case seeking reimbursement for the costs of incarceration as authorized by the Missouri Incarceration Reimbursement Act. *See* §§ 217.825–217.841, RSMo. On September 22, 2008, Rues filed a motion to set aside the judgment, which the circuit court denied on October 8, 2008. Rues subsequently filed a motion to reconsider on November 7, 2008, which the circuit court denied on November 13, 2008. Rues appeals.

Rule 74.05(d) authorizes the circuit court to set aside a default judgment "[u]pon motion stating facts constituting a meritorious defense *and* for good cause shown[.]" (Emphasis added.) The circuit court denied Rues's motion to set aside the default judgment because Rues "failed to state a good cause reason for not responding to the petition." In this appeal, Rues asserts that he raised a meritorious defense, but he does not offer any good cause reason for his failure to respond to the petition. "'Under the explicit terms of Rule 74.05(d), a motion to set aside a default judgment must state facts constituting both a meritorious defense and good cause for the default.'" *Reed v. Reed*, 48 S.W.3d 634, 640 (Mo.App.2001), *overruled in part by McElroy v. Eagle Star Group, Inc.*, 156 S.W.3d 392 (Mo.App.2005) (citation omitted).

To the extent that Rues asserts that the circuit court lacked subject matter jurisdiction over this matter and did not acquire personal jurisdiction over Rues or the non-resident parties and entities involved in this case, we are not persuaded.

■ "Missouri courts recognize two kinds of jurisdiction: subject matter jurisdiction and personal jurisdiction. These two kinds of jurisdiction—and there are only two for the circuit courts—are based upon constitutional principles." *Webb ex rel. J.C.W. v. Wyciskalla*, 275 S.W.3d 249, 252 (Mo. banc 2009).

■ In this case, the circuit court had subject matter jurisdiction of the underlying action seeking reimbursement under the Missouri Incarceration Reimbursement Act. "Subject matter jurisdiction . . . is not a matter of a state court's power over a person, but the court's authority to render a judgment in a particular category of case." *Id.* at 253. "[T]he subject matter jurisdiction of Missouri's courts is governed directly by the state's constitution." *Id.* Section 14 of article V of the Missouri Constitution declares, "The circuit courts shall have original jurisdiction over all cases and matters, civil and criminal." Because the suit filed pursuant to Missouri Incarceration Reimbursement Act was a civil matter, the circuit court had subject matter jurisdiction over this case.

■ The circuit court also had personal jurisdiction over Rues. "[P]ersonal jurisdiction refers quite simply to the power of a court to require a person to respond to a legal proceeding that may affect the person's rights or interests." *Webb*, 275 S.W.3d at 253. There is no doubt as to "the power of the state courts to exercise jurisdiction over persons within the state." *Id.* Rues was the only defendant in the action. Rues was properly served while in a Missouri correctional facility. The circuit court, therefore, had personal jurisdiction over Rues in this matter.[1]

■ Rues also asserts that the circuit court lacked jurisdiction because it did not have the authority to grant the requested relief. This third category of jurisdiction, known as "jurisdictional competence" has no constitutional basis and is not recognized in Missouri. *Id.* at 254.

■ Rues also contends that he is entitled to relief pursuant to Rule 55.09. In particular, he claims that, because his motion to set aside the default judgment asserted facts that were uncontested, the facts were admitted pursuant to Supreme Court Rule 55.09. Rule 55.09 says: "Specific averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleadings. Specific averments in a pleading to which no responsive pleading is required shall be taken as denied." Nothing in Rule 74.05(d) requires a responsive pleading. Rues's contention is, therefore, without merit.

Finally, Rues attempts to invoke Rule 55.27(g)(3) as proof that the circuit court should have dismissed the case for lack of subject matter jurisdiction. Rule 55.27(g)(3) says, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." However, as we previously discussed, the circuit court had subject matter jurisdiction over this matter.

We, therefore, affirm the circuit court's judgment.

All concur.

---

1. Much of Rues's brief contains references to individuals and entities who were not defendants in the suit below. Because they were not defendants, the actions of the circuit court did not threaten their right to due process.