STATE OF MISSOURI EX REL., VERNA M. ELLIOTT, RELATOR, v. HON. JOHN R. JAMES, JUDGE OF THE INDEPENDENCE DIVISION OF THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI, RESPONDENT.— 194 S. W. (2d) 700.

Kansas City Court of Appeals. April 22, 1946.

*Sam Mandell* for relator.

*Calvin & Kimbrell, Walter W. Calvin and Bert S. Kimbrell,* for respondent.

DEW, J.—This is a proceeding in prohibition to prohibit respondent, Judge of the Circuit Court of Jackson County, Independence Division, from sustaining a motion of relator's husband to stay her suit for separate maintenance in said court, pending the disposition of a subsequent divorce case filed in another division of said court by the relator's husband. On application we issued our preliminary writ.

The facts are that on July 19, 1945, relator filed in the Independence Division of the Circuit Court of Jackson County, of which respondent is judge, her suit against her husband John H. Elliott, for separate maintenance. Service of summons was duly had on the defendant therein. Thereafter, on July 24, 1945, John H. Elliott filed a suit against relator in the Circuit Court of said county, at Kansas City, in which service of summons on relator herein was duly had. In the divorce action relator filed a motion to stay, which was overruled, and her motion to reconsider the same is there pending. In the separate maintenance suit, relator's husband, John H. Elliott, filed the motion, which is here in question. It was a motion to stay the maintenance suit, setting forth the fact that his suit for divorce had been subsequently filed, as aforesaid, in which motion it is alleged that relator is entitled to the same rights and remedies in the divorce suit as asked for in her separate maintenance suit, except certain injunctive relief sought by her. The motion prays that the separate maintenance suit be stayed pending the divorce suit, and that if, upon final determination of the divorce suit, the plaintiff therein is awarded a decree of divorce, then the separate maintenance suit be

dismissed and forever abated. Relator thereafter filed a motion in the separate maintenance suit for temporary alimony, suit money, and attorneys' fees. On September 28, 1945, respondent indicated in open court that he intended to sustain the said motion to stay the relator's separate maintenance suit.

Relator contends that her suit was filed before the divorce case; that she has a right to prosecute the same to conclusion, and that respondent has no power to stay or to dismiss the same because of the pendency of a later suit for divorce filed by her husband; that under the new General Code for Civil Procedure (Laws of Mo. 1943, pages 353-397) Section 73, a divorce action of the husband, instituted after a suit for separate maintenance has been filed by the wife, becomes a matter of compulsory cross petition in the maintenance suit, and that the maintenance suit cannot, therefore, be stayed to abide the disposition of the later divorce action separately filed. She further maintains that she has no right to appeal from an order to stay; that such an order would be a usurpation of judicial power or an abuse of discretion if discretion exist. She contends, therefore, that, having no adequate remedy at law, prohibition is the proper remedy.

Respondent asserts that, having general jurisdiction over the parties and subject matter in the suit for separate maintenance, he is clothed with power to stay the same on application in the nature of one for continuance; that the question is one of discretion, not jurisdiction; that an action for divorce arises under an entirely different statute than does a suit for separate maintenance; that one cannot be ingrafted upon the other; that Section 73 of the new code has no application to a divorce action; that such an action by the husband could not arise out of "transaction or occurrences" due to the fault of the wife, which would entitle her to a separate maintenance decree for the fault of the husband; that the words "counterclaim" and "claim", as used in said Section 73 of the new code, were not intended by the Legislature to apply to the two actions in question; that a cause of action which wholly defeats the demand of the plaintaiff cannot be a counterclaim; that if the respondent should make the order to stay, the error, if any, could be reviewed on appeal; that it is the duty of the court to harmonize any conflict in statutes, if possible, according to legislative intent; that the writ. of prohibition is not a writ of right, but should be granted only within sound judicial discretion, and when sanctioned by the law.

Even though the proposed action of respondent on the motion to stay might ordinarily be considered in the nature of a proposed order of continuance, within the discretion of the court and for reasons of expediency or convenience, that construction cannot obtain here because the grounds and theory of the intended action are expressed by respondent in his motion to quash our provisional writ and to deny relator's petition, as follows:

"(6.) That upon the institution of the aforesaid divorce action, the jurisdiction of the Circuit Court of Jackson County, Missouri, attached; and, thereupon, that court became vested with the exclusive power to determine what support and maintenance should be awarded to Verna M. Elliott, the defendant in said cause; and, also, to determine each and every other question involved therein, including, of course, the dissolution of the marital relation between the parties thereto."

It is evident from the above quotation from respondent's pleading that he bases his proposed order to stay on jurisdictional grounds and not upon discretionary grounds. His expressed theory and grounds are that upon and by reason of the institution of the later divorce action the court in which the same is pending became vested with exclusive power to determine all matters of relator's maintenance and support. In other words, he contends that by the subsequent filing of the divorce petition he became divested of all jurisdiction to grant any relief in the maintenance case so long as the divorce action remains pending. In such construction of the law we do not concur, in view of the authorities we cite hereinafter.

It has been held in this state that a cross petition for divorce is improper in a suit for separate maintenance and support. [Sharpe v. Sharpe, 114 S. W. 584; Weisheyer v. Weisheyer, 14 S. W. (2d) 486.] The decisions so holding were based on the theory that the cause of action for divorce arose under the divorce statutes and under the chapter entitled "Divorce, Alimony and Custody of Children", and that the cause of action for separate maintenance arose under the chapter entitled "Married Women"; that the two causes of action are to be distinguished in that the legislation in respect to the same was complete as to each, and the modes of procedure as to each are completely provided; that the only issue of fact in the maintenance suit is whether a husband, without good cause, abandoned his wife and neglected or refused to support her; that the cause of action for divorce is confined to the statutory grounds therefor and vested the court with jurisdiction over the *res*, to-wit: the dissolution of the marriage relation. It was further pointed out in such decisions that the parties to these actions could not, by consent or otherwise, vest the court in one of such suits with jurisdiction over the other, and that the law pertaining to counterclaims in ordinary civil actions has no application to such suits. It was also ruled that the right of a Circuit Court in a prior divorce proceeding to determine the question of a wife's support precluded any later action by the opposing party having for its purpose a like relief. [Weisheyer v. Weisheyer, *supra.*]

As stated, relator insists that the situation regarding the two actions has been completely changed by the new code of civil procedure in effect at all times in question herein. Section 73 of the new code reads as follows:

"A pleading shall state as a counterclaim any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrences that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

Section 74 of said code reads:

"A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party."

Since the sole question here before us is the power of respondent to stay relator's prior maintenance suit during the pendency of and to abide by her husband's subsequent divorce suit, we believe it unnecessary to determine whether, under the new code, the husband may or must file in the maintenance suit any cross action that he may have for divorce, or may maintain and prosecute his separate divorce case filed by him. The propriety of whatever further steps the husband may elect to take in either of the cases, would be a matter for our determination if and when so taken and an issue respecting same comes properly before us. We think the decisive fact is that when the divorce case was filed at Kansas City, respondent's court at Independence had already acquired jurisdiction of the subject matter and parties in the maintenance suit. Relator had a right to proceed with her maintenance case without awaiting the contingencies and outcome of her husband's subsequent divorce case at Kansas City. It may be true that any prior judgment relator might obtain in her maintenance suit would be affected by a later decree of divorce to her husband, but that contingency would not stay her present right to prosecute the maintenance suit.

This court has passed on the precise question involved here. In Brown v. Brown, 176 S. W. (2d) 296, the wife first brought an action for separate maintenance and for support for herself and her minor child, including attorneys' fees accruing in the trial court. After the case had been heard and was being held under advisement by the court, and before judgment therein, the husband filed a divorce action in another division of the same court. Upon appeal by the husband in the maintenance case, the trial court allowed the wife, on motion, additional attorneys' fees to finance her defense in the appeal. From that allowance, appeal was taken to this court. One of the defenses made was that the court erred in making such additional allowance to the wife because there "was a divorce suit pending at the time of the rendition of this judgment and the court was without authority to make an allowance in a separate maintenance case when a divorce action was pending." In regard to the said defense, we said in an opinion written by CAVE, J., at page 297:

"The record discloses that the wife's separate maintenance suit was properly tried without objection by defendant; we so held in Brown v. Brown, *supra*. (168 S. W. (2d) 173). That after that suit had been tried and taken under advisement by the trial court, and just before he rendered judgment, the defendant husband says he filed a suit for divorce in the Circuit Court of Jackson County, at Independence, and contends that until such divorce suit is disposed of, the separate maintenance action is abated and the trial court in this matter had no jurisdiction. To support his contention the defendant cites Weisheyer v. Weisheyer, Mo. App., 14 S. W. (2d) 486, 487. That case has no application because there the husband had already filed a divorce suit which was pending and the court had jurisdiction both of the subject matter and of the parties at the time the wife filed her separate maintenance suit and the court properly held, under such circumstances, that 'when an action for divorce has been instituted by either of the parties, then the court having jurisdiction of such action is vested with the entire jurisdiction to determine, not only the question of divorce or no divorce, but also all questions relating to support and maintenance, as well as suit money, pending such proceeding, as well as the question of the care and custody of the children of the couple, if any.' In the instant case, the trial court had acquired jurisdiction of the parties and the subject matter (the separate maintenance suit) and had heard all the testimony and had the cause under submission at the time the husband filed his divorce suit."

We held in that case that it was not error for the court, in the maintenance action, to make the additional allowance of suit money to the wife, even though a divorce suit, later filed by the husband, was pending.

That the mere pendency of a later divorce case between the parties is no ground for ordering the prior maintenance suit to be stayed to abide the divorce action is declared, emphasized, and explained in Nolker v. Nolker, 257 S. W. 798, wherein the wife brought both actions, and in different courts, filing the maintenance suit first. In the maintenance suit in the City of St. Louis she obtained an allowance for attorneys' fees, suit money and maintenance pending the suit. While appeal from that order was awaiting determination, the wife took up residence in St. Louis County and there filed an action for divorce and alimony. In the divorce action the plaintiff wife obtained an order for counsel fees, suit money and alimony *pendente lite;* also another order for additional attorneys' fees and suit money on account of the appeal from the first allowance therein; then she obtained a decree of divorce and alimony in gross; and later a further order for additional suit money on account of appeal from the decree, and further temporary support money. The answer in the divorce case, among other things, pleaded in abatement "that the suit was

vexatious and should abate because there was then pending in the Circuit Court of the City of St. Louis a suit by plaintiff against defendant for maintenance, wherein an order had been made requiring defendant to pay plaintiff certain sums for attorneys' fees and suit money, and for her maintenance during the pendency of the case." The Supreme Court said at page 803 (S. W.):

"The former action that was pending at the time of the commencement of this one was the suit for maintenance theretofore instituted by plaintiff against defendant in the circuit court of the city of St. Louis, bottomed on the statutory ground that defendant, without good cause, had abandoned plaintiff and refused to maintain and provide for her. In order for the pendency of that suit to have been pleadable in abatement of this it must have been for the same cause of action and for the same relief, or at least one in which the same relief could have been granted. But it is evident that the cause of action was not the same in its entirety, and that the essential relief sought in the second suit could not by any possibility have been granted in the first. There is no merit in this contention, and it is disallowed. Pocoke v. Peterson, 256 Mo. 501, 165 S. W. 1017; State v. Dougherty, 45 Mo. 294."

The order in the maintenance suit referred to in that case allowing the wife temporary alimony, attorneys' fees and suit money, was later affirmed by the St. Louis Court of Appeals. [Nolke v. Nolke, 226 S. W. 304.]

On the further point of *res judicata*, the Supreme Court said in the case above quoted from (257 S. W. l. c. 807):

"But appellant is in error in his assertion that the order made in the maintenance case was a final adjudication of the extent of the obligation of the defendant to support his wife; the allowance therein made was but a temporary provision made to supply merely her actual needs during the pendency of that suit. The circuit court for the city of St. Louis, in making the order, did not exhaust even its own power in that respect. Had it subsequently appeared during the continuance of the action that the allowance was insufficient the court could have increased it. When the divorce suit was instituted in the circuit court for St. Louis county that court became invested with power to award alimony *pendente lite* and suit money as an inseparable incident of the action. The court was not bound to order the payment of temporary alimony, but it could award it or withhold it, as it might determine in the exercise of a sound judicial discretion. Appellant has not brought up the evidence offered in support of the motion, but it seems that the court took into due consideration the allowances that had been made in the maintenance suit. Nothing appears in the record from which we are able to say that the court abused its discretion in decreeing alimony *pendente lite* and suit money."

We conclude in the instant case that for the trial court to make the order which it has announced it intends to make,—the effect of which is that, on the mere ground of the pendency of the husband's later divorce action in another division of the court, the wife's (relator's) prior action for separate maintenance shall be stayed for and during the pendency of and to abide by the disposition of the husband's later separate case,—would be to deprive relator of her absolute present right to proceed with the prosecution of her prior and independent action; would be an excess of the court's legitimate authority, unwarranted in law, and an abuse of the court's discretion, if any, in the premises.

We believe the remedy here sought is proper, and that relator is afforded no other adequate remedy under the conditions obtaining.

In State ex rel. Schoenfelder v. Owen, 347 Mo. 1131, 1139, 152 S. W. (2d) 60, loc. cit. 64, the Supreme Court said:

"But prohibition may be invoked to restrain the enforcement of orders beyond or in excess of the legitimate authority of the judge though the court over which he presides has general jurisdiction of the class of cases to which the one in question belongs. 'Where a court or judge assumes to exercise a judicial power not granted by law, it matters not (so far as concerns the right to a prohibition) whether the exhibition of power occurs in a case which the court is not authorized to entertain at all, or is merely an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by the court or judge in question.' St. Louis, Kennett & Southern Railroad So., et al. v. Wear, 135 Mo. 230, 256, 36 S. W. 357, 358."

It follows that it is not necessary herein to determine the other points made by the parties in the present action. Our preliminary writ should be made permanent. It is so ordered. *Cave, J.,* concurs; *Bland, P. J.,* dissents.

I place my dissent on the ground that if Relator has any remedy it is by *mandamus.*