**Virginia R. WOOD,**
**Plaintiff-Respondent,**

v.

**Cecil E. (Gene) WOOD,**
**Defendant-Appellant,**

and

**Archie G. Carnahan, Dorothy H. Carnahan, Husband and Wife, Gene Wood, Inc., a defunct Missouri Corporation and First State Building and Loan Association, An Arkansas Corporation, Defendants.**

No. 14252.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 17, 1986.

---

3. Respondent's motions which were taken with    the case are denied.

John H. Calvert, Jerry L. Anderson, Lathrop, Koontz, Righter, Clagett & Norquist, Kansas City, for plaintiff-respondent.

Donald F. Bayer, Hoskins, King, McGannon & Hahn, Kansas City, for defendant-appellant.

PREWITT, Chief Judge.

The marriage of appellant and respondent was dissolved by the Circuit Court of Greene County on May 31, 1974. On August 18, 1978, respondent initiated this suit by filing a two-count petition. Count I sought damages against appellant, claiming he had made misrepresentations to respondent, causing her to forego claims to marital property. Count II asked for partition. It stated that appellant and respondent were the owners of a described lot in Ozark County and that the remaining defendants claimed some right or title to the property, "the exact nature and extent thereof being unknown to Plaintiff."

Although served, on August 27, 1978, in Kansas City, appellant did not file any pleadings or otherwise appear until January 22, 1985. On June 6, 1979, a default "judgment" based on Count I was entered in favor of respondent and against appellant for $100,000 actual damages and $50,000 punitive damages.

On July 20, 1979, respondent filed a pleading purporting to dismiss Count II with prejudice. The judge's docket sheet reflects that the dismissal was "So ordered, with prejudice" on September 5, 1979. A general execution was issued on August 27, 1979, and thereafter respondent attempted to collect the amount awarded.

On January 22, 1985, appellant filed a "Motion to Set Aside Default Judgment or, in the Alternative, to Set Aside the Damages Assessment and Hold a Trial to Assess Damages". On April 11, 1985, appellant filed a "Motion to Dismiss for Improper Venue and Lack of Jurisdiction". On April 11, 1985, the trial court entered an order denying these motions. Appellant appeals from that order. No question is raised regarding the procedure used by appellant in trying to set aside the "judgment". For a thoughtful discussion of the procedures to set aside default judgments in Missouri, see N. Laughrey, Default Judgments in Missouri, 50 Mo.L.Rev. 841, 847 (1985).

Appellant states in his first point that the trial court erred in overruling his motion to dismiss for lack of subject matter jurisdiction. He contends that as there was marital property to be divided, the Greene County Circuit Court, which dissolved the marriage of the parties, never exhausted its jurisdiction. He says this prevented the Circuit Court of Ozark County from obtaining jurisdiction, resulting in the "judgment" against him in the Ozark County Circuit Court being void.

On May 31, 1974, when the parties appeared in the Circuit Court of Greene County, Missouri, there was no property settlement or other agreement pertaining to marital property presented to the court. Based on the evidence presented the trial court determined that "there is no property to be divided by decree and property division made by the parties is not unconscionable."

Whether, had respondent sought division of the marital property that she now says existed, there would have been exclusive jurisdiction in the Greene County Circuit Court, see *State ex rel. McClintock v. Black*, 608 S.W.2d 405 (Mo. banc 1980); *Ploch v. Ploch*, 635 S.W.2d 70 (Mo.App. 1982), is not before us. Respondent did not do that. Instead, she sought damages for fraud, contending that appellant made false representations regarding the marital property.

■ Respondent's petition states a different cause of action and her claim for relief, damages, is different from that available in a dissolution action. Exclusive jurisdiction of one court only applies when actions between the same parties are for the same cause of action and for the same relief, or in which the same relief could have been granted. *State ex rel. Elliott v. James*, 239 Mo.App. 970, 194 S.W.2d 700, 704 (1946). See also *State ex rel. Nesbit v. Lasky*, 546 S.W.2d 51, 53 (Mo.App.1977) (same subject matter).

■ A former spouse, who claims to be defrauded by representations of marital property, can file a separate action for fraud. A fraud victim may elect to sue for damages in a tort action at law or to rescind. *Alexander v. Sagehorn*, 600 S.W.2d 198, 200 (Mo.App.1980). No reason is advanced, or appears, why a former spouse defrauded by a misrepresentation regarding marital property should be excluded from these remedies. The trial court had jurisdiction over fraud actions and any defenses to respondent's claim should have been timely presented by appellant. This point is denied.

In his second point, appellant contends that the trial court erred in overruling his motion to dismiss for improper venue and lack of personal jurisdiction because venue is improper as appellant resided in Jackson County, Missouri, at the time the petition

was filed and the cause of action, if any, accrued in Greene County, Missouri.

■ The petition made no allegations regarding venue. Although alleging a basis for venue is a good practice, the petition is not defective for failing to do so. Pleading venue is not required in Missouri. J. Devine, Missouri Civil Pleading and Practice, § 11–14 (1986).

■ "Normally, venue and jurisdiction are independent terms, having separate and distinct meanings. Venue means the place where a case is to be tried, and jurisdiction relates to the power of the court to hear and determine the case." *Sullenger v. Cooke Sales & Service Co.*, 646 S.W.2d 85, 88 (Mo. banc 1983). Proper venue is required for a court to have jurisdiction over a defendant. *Maxey v. Wenner*, 686 S.W.2d 862, 864 (Mo.App.1985).

At the hearing before the default was entered in this matter, respondent testified that the misrepresentations occurred in Ozark County. That might establish a proper basis for venue in Ozark County. See § 508.010(6), RSMo 1978. However, it is not necessary to make that determination.

■ Even if venue was not initially proper, by filing the "Motion to Set Aside Default Judgment or, in the Alternative, to Set Aside the Damages Assessment and Hold a Trial to Assess Damages", appellant's claim of improper venue was waived. That motion was filed on January 22, 1985. Although incorrectly stating that appellant "has already filed a motion challenging subject matter jurisdiction, personal jurisdiction and venue", the motion did not contend that venue or jurisdiction was lacking. Not until April 11, 1985, was a motion filed questioning venue.

■ Venue and personal jurisdiction may be waived when a defendant makes no motion or pleadings on the issues but otherwise subjects itself to the jurisdiction of the court. *Sullenger v. Cooke Sales & Service Co., supra,* 646 S.W.2d at 88.

■ Absent proper venue a court does not have jurisdiction and its judgment is void. See *Wadlow v. Donald Lindner Homes, Inc.*, 654 S.W.2d 644, 647 (Mo.App. 1983). There apparently is a split of authority on whether a general appearance entered after a judgment can validate a judgment entered without jurisdiction over a defendant. See 6 C.J.S. Appearances § 48, p. 82. Missouri cases hold that by a general appearance after judgment such jurisdiction can be waived and can no longer be questioned. See *Whitledge v. Anderson Air Activities*, 276 S.W.2d 114, 116 (Mo.1955); *Brown v. British Dominions General Ins. Co.*, 228 S.W. 883, 884 (Mo. App.1920); *Currey v. Trinity Zinc, Lead & Smelting Co.*, 157 Mo.App. 423, 139 S.W. 212, 214 (1911). Any claim that the judgment was void because of improper venue was waived here. This point is denied.

Appellant's third and final point states that the trial court erred in determining that there was a final judgment that precluded it from considering defendant's motion to set aside the default or to grant a new trial on damages. Appellant contends that the judgment "was never made final and the trial court never lost control of the case in that the interlocutory judgment by default entered against this appealing defendant was never made final by the entry of a judgment which finally disposed of all issues and all parties."

*State ex rel. Brooks v. Gaertner*, 639 S.W.2d 848 (Mo.App.1982), is similar to the situation here. It indicates that when the other defendants were dismissed from the underlying case, "all issues between all parties had been resolved" and the previous default "judgment" became a "final judgment". 639 S.W.2d at 850. Other cases, indicate that an interlocutory summary judgment does not become a final judgment merely by the dismissal of the remaining parties and issues, but that further action is required by the trial judge. See *Bolin v. Farmers Alliance Mutual Insurance Co.*, 549 S.W.2d 886 (Mo. banc 1977); *Shurtz v. Jost*, 674 S.W.2d 244 (Mo. App.1984); *Warmann v. Ebeling*, 669 S.W.2d 577 (Mo.App.1984). Respondent re-

lies upon *Gaertner*, and appellant primarily upon *Bolin*.

Summary judgment is an extreme remedy which must be utilized with great care. *Pitman Manufacturing Co. v. Centropolis Transfer Co.*, 461 S.W.2d 866, 872 (Mo.1970). Summary judgment should not be granted if there is doubt as to material facts. *Sexton v. First National Mercantile Bank*, 713 S.W.2d 30, 31 (Mo.App. 1986). A summary judgment not final might be set aside or changed should the trial court later determine that it was improper. That could also occur regarding a default judgment but absent the defaulting party's appearance, it is unlikely that any facts or reason would be brought to a trial court's attention that would cause it to set aside or otherwise amend the default "judgment". Although binding upon us, we confine *Bolin* to cases involving summary judgment and follow *Gaertner*. When the second count was dismissed, the previously entered "default judgment" became a final judgment. The trial court correctly treated it as such. Appellant's third point is denied.

Respondent's motion to supplement the record and dismiss appeal and appellant's conditional motion to supplement the record are denied.

The judgment is affirmed.

MAUS, J., and FRANK CONLEY and GARY A. FENNER, Special Judges, concur.

CROW, J., recused.