### In the Interest of C.J.G., C.B.G., Appellant,

v.

### MISSOURI DEPARTMENT OF SO-CIAL SERVICES, Children's Division, and C.W., Respondents,

### J.S. and F.S., Intervenors/Respondents.

### No. SC 87667.

Supreme Court of Missouri,
En Banc.

April 17, 2007.

---

Verna L. Haun, Bolivar, for Appellant.

Brandon B. Fisher, Nevada, Jeremiah W. (Jay) Nixon, Atty. Gen., Gary Gardner, Asst. Atty. Gen., Jefferson City, Jon Wagner, Springfield, Belinda S. Elliston, Dept. of Social Services, Children's Division, Lamar, Charles G. Ankrom, Bolivar, for Respondent.

Jim Spahr, Frankie Spahr, Versailles, pro se.

Susan Appelquist, Mt. Vernon, Guardian Ad Litem.

PER CURIAM.[1]

## Introduction

The juvenile division of the circuit court sent the father a letter notifying him of a hearing concerning his son. The court, contrary to statute and court rule, did not serve the father with a summons and petition. The father did not appear at the hearing. After the hearing, the trial court found it had jurisdiction, entered an order of disposition in which it found that the father's son, C.J.G., was in need of care and treatment, and took custody of the child. Over three years later, the father filed a motion to set aside the judgment under Rule 74.06, arguing that the order of disposition purporting to find that he was negligent in his supervision of C.J.G. is void because, at the time it was entered, the trial court did not have personal jurisdiction over him since he was not served with the requisite petition and summons prior to the hearing and order. The trial court found that father had waived his objection to lack of personal jurisdiction by entering his appearance and participating in the proceedings at a later point without raising the issue of jurisdiction. The father appeals. The judgment is affirmed.

## Facts

C.J.G. was born on December 11, 2001. Two days later, the juvenile officer filed a petition alleging the child was in need of care and treatment because the home environment was detrimental to the child's well being. Specifically, the petition alleged that the mother admitted to physically abusing the father's older son and that the father had failed to protect that son from the physical abuse.

The clerk sent a letter to the father approximately 25 days in advance notifying him of a February 4, 2002, hearing.[2] The

---

1. This Court transferred this case after an opinion by the Court of Appeals, Southern District, authored by the Honorable Kenneth W. Shrum. *Mo. Const. article V, section 10.* Parts of that opinion are incorporated without further attribution.

2. The clerk sent the letter to the St. Clair County jail.

letter simply referenced the child's name and case number and stated: "A court hearing has been scheduled for the above case" on a specified date and time. The letter provided the father no other information. More specifically, it did not inform him that the hearing would adjudicate his negligence or that an order could be entered affecting his rights. The father was not served with a summons or copy of the petition.

The father did not attend the February 4, 2002, hearing after receiving the letter. After the hearing, the court entered an order of disposition in which it noted the mother's admission to the allegations, found the allegation that father had failed to prevent the abuse of his older son to be true, found it had jurisdiction over C.J.G., placed C.J.G. in the custody of the division of family services, and approved a written service agreement that included conditions of no contact between the mother and the father.

Some eight months later, in November 2002, the father received notice of a December 2002 permanency planning hearing. He requested and received appointed counsel prior to the hearing. The clerk mailed appointed counsel the case file in late November 2002, and the hearing was rescheduled. The father and his counsel[3] participated in all the proceedings that followed concerning custody of C.J.G. and concerning permanency planning.[4] So far as the record shows, during the eighteen months between counsel's appointment in November 2002 and entry of a permanency plan calling for adoption of C.J.G. on June 1, 2004, the father failed to raise any objection to jurisdiction or to the findings

that formed the basis of the court's order of disposition.

Only on March 9, 2005, over two years after first being appointed counsel and participating in the case and nine months after entry of the permanency plan, did the father file a motion to set aside the trial court's February 2002 order of disposition. He argued that the court's finding that he failed to protect his older son from abuse was void because he had not received adequate notice and had not been served with a summons or a copy of the petition. The trial court overruled the father's motion to set aside the February 2002 order of disposition on the basis that the father's participation in later hearings and his subpoenaing of witnesses after November 2002 constituted a waiver of any objection to lack of proper notice or service. This appeal followed.

## Discussion

■ The state cannot intervene in the parent-child relationship, such as proceedings to terminate parental rights, absent procedures that meet the requisites of due process.[5] *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). The Supreme Court has noted:

For all its consequence, "due process" has never been, and perhaps can never be, precisely defined. "Unlike some legal rules" ... due process "is not a technical conception with a fixed content unrelated to time, place and circumstances." Rather, the phrase expresses the requirement of "fundamental fairness," a requirement whose meaning can be as opaque as its importance is lofty.

---

3. The same counsel did not represent the father throughout all the proceedings.

4. The proceedings are set out in the attached appendix.

5. "Due process" encompasses those guarantees found in the Fifth and Fourteenth Amendments of the United States Constitution and article I, section 10 of the Missouri Constitution.

Applying the Due Process Clause is therefore an uncertain enterprise which must discover what "fundamental fairness" consists of in a particular situation. . . ."

*Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18, 24–25, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981) (citations omitted).

■■■ "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). "The sufficiency of notice must be tested with reference to its ability to inform people of the pendency of proceedings that affect their interests." *Greene v. Lindsey*, 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982). "Personal service of written notice within the jurisdiction is the classic form of notice always adequate in any type of proceeding." *Mullane*, 339 U.S. at 313, 70 S.Ct. 652.

In Missouri, several statutes and rules of procedure require specified notice to a parent. Section 211.101.1[6] provides that after a petition has been filed in the juvenile division, "unless the parties appear voluntarily, the juvenile [division] shall issue a summons . . . requiring the person who has custody of the child . . . to appear . . . at the time and place stated." Rule 115.01 has a similar mandate. Rule 115.02 provides that the summons "shall state the date, time and place of the hearing," establishes the form the summons should follow, and states that it should be accompanied by a copy of the petition. Rule 114.01

prescribes the content of the petition, including the requirement that it "set forth plainly and concisely, with reasonable particularity . . . the facts that bring the juvenile within the jurisdiction of the court."

■■■ In this and similar cases, adherence to the foregoing rules and procedures protects the due process rights of affected parties. For this reason, courts are expected to follow them in every case. Here, the father is correct that the trial court failed to provide him with adequate notice of the February 4, 2002, proceeding. Normally, there must be service of process in an authorized manner for the court to acquire jurisdiction to determine the rights and liabilities of the defendant. *Walker v. Gruner*, 875 S.W.2d 587, 588 (Mo.App. 1994). The court's failure to provide adequate notice meant that it did not have personal jurisdiction over the father when it entered the order finding that the father failed to protect his older son from harm and finding jurisdiction over C.J.G.

■ This does not end the inquiry, however. A claim of lack of personal jurisdiction may be waived when a defendant makes no motion or pleadings on the issues but otherwise subjects himself to the jurisdiction of the court. *Wood v. Wood*, 716 S.W.2d 491, 494 (Mo.App.1986). These principles apply equally in proceedings in juvenile court as they do in other proceedings. *Section 211.171.7* (the practice and procedure customary in proceedings in equity shall govern all proceedings in the juvenile division).

■ Here, it is undisputed that the father took an active part in the proceedings for over two years before he first moved under Rule 74.06 to set aside the trial court's February 2002 finding of jurisdiction and order of disposition. By partici-

---

**6.** All statutory citations are to RSMo 2000.

pating on the merits of the case during this lengthy period, the father voluntarily subjected himself to the jurisdiction of the court, thereby waiving any objection based upon lack of personal jurisdiction. *Crouch v. Crouch*, 641 S.W.2d 86, 90–91 n. 4 (Mo. banc 1982); *Clark v. Clark*, 926 S.W.2d 123, 126–27 (Mo.App.1996). To the extent that the father's motion to set aside the finding of jurisdiction and order of disposition is based on the trial court's lack of personal jurisdiction at the time it entered the order, this claim too has been waived. *See In re Marriage of Dooley*, 15 S.W.3d 747 (Mo.App.2000) (Husband moved to vacate "default judgment against him on various grounds other than lack of personal jurisdiction over him. . . . Accordingly, he waived his right to challenge the default judgment on the basis of lack of personal jurisdiction"); *Wood v. Wood*, 716 S.W.2d 491, 494 (Mo.App.1986) ("by a general appearance entered after judgment [personal] jurisdiction can be waived and can no longer be questioned").

■ The father seems to recognize this, but contends that his motion to set aside the order yet has merit because of the importance of the parent-child relationship and the significant consequences of failing to contest the court's authority to enter its order in this and similar cases. The father's real objection seems to be that it is unfair to bind him to a finding of neglect that he did not have an opportunity to contest because he did not receive proper notice of the proceeding at which the court made the finding.[7] Thus, as a separate issue from the court's jurisdiction over him, the father in effect challenges the order as an irregular or void judgment. *See Clark*, 926 S.W.2d at 128 ("judgment on the merits entered without notice to parties can clearly be set aside as irregular and voidable, if not inherently void, under Rule 74.06(b)(3) and (4)").

To the extent that the father could have challenged the court's order on this basis, however, he failed to do so in a timely manner. Rule 74.06 requires a motion to set aside a judgment to be made within a reasonable time.[8] *Rule 74.06(c)*. Doing so is particularly important in a child custody case such as this because of the importance of ensuring adequate care and protection of the child at all times and because of the related desire to provide stability and permanency in the child's home environment. *See sec. 211.011* ("the best interests of the child" are met by facilitating the care and protection of children who come within the jurisdiction of the juvenile court); *sec. 211.443(3)* ("the best interests and welfare of the child" are promoted by considering "[t]he entitlement of every child to a permanent and stable home"). By waiting over two years before moving under Rule 74.06 to set aside the trial court's February 2002 finding of jurisdiction and order of disposition, the father failed to bring his motion within a reasonable time after he became subject to the court's authority by waiving his claim of lack of personal jurisdiction. Under these circumstances, the court did not err in finding a waiver of any claim that the initial notice and service were inadequate.

7. The father implies that the finding of neglect is without basis in fact but, but in this proceeding, he offered no evidence in support of this claim.

8. Father's motion can be read as a motion to set aside the judgment for irregularity, *see Rule 74.06(b)(3)*, in which case, it is not timely unless made within a reasonable time, "not more than one year after the judgment or order was entered." *Rule 74.06(c)*. However, father's motion can also be read as a challenge to a voidable judgment. *See Rule 74.06(b)(4)*. Such a motion must be made within a reasonable time, but does not have a strict one-year limit. *Rule 74.06(c)*.

### Conclusion

The judgment is affirmed.

All concur.

### APPENDIX

| | |
|---|---|
| November 26, 2002 | Attorney appointed for father |
| December 12, 2002 | Writ of habeas corpus ad testificandum issued. |
| January 27, 2003 | Permanency planning hearing held. Father appears. |
| January 31, 2003 | Permanency planning hearing concluded. Father appears. |
| February 14, 2003 | Permanency planning order filed. Copy mailed to the father. |
| October 15, 2003 | Court receives exhibit A copy of proposed home plan. |
| November 3, 2003 | Hearing to set permanency planning hearing. Hearing on grandparent visitation. Father appears. |
| December 17, 2003 | Writ of habeas corpus ad testificandum issued. |
| December 23, 2003 | Permanency planning hearing held. Father appears and subpoenas witness. Father requests new counsel; counsel removed. Hearing re-scheduled. |
| March 10, 2004 | Permanency planning hearing held. Father appears. Continuance granted. |
| March 15, 2004 | Writ of habeas corpus ad testificandum issued. |
| April 27, 2004 | Permanency planning hearing held. Father appears. |
| June 1, 2004 | Order of permanency planning filed. |
| March 9, 2005 | Notice of post-permanency planning hearing mailed. |
| April 1, 2005 | Motion for relief from judgment filed by father. |