Missouri Court of Appeals
 Southern District
 Division Two

MEGAN B. WITHERSPOON, )
 )
 Respondent, )
 ) No. SD37131
 vs. )
 ) FILED: March 29, 2022
JUAN THURMOND, )
 )
 Appellant. )

 APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

 Honorable J. Ronald Carrier, Judge

AFFIRMED

 Juan Thurmond (“Father”) appeals from the circuit court’s judgment on his amended

motion to terminate and abate child support and determine his child support arrearages (the

“Motion for Determination”) under the child support order in the paternity judgment entered

against him on November 20, 1998 (the “Paternity Judgment”). In a single point, Father claims

that the circuit court erred in determining that Father owed past due child support because the

Paternity Judgment ordering Father to pay such child support was void ab initio in that the circuit

court lacked personal jurisdiction over Father at the time the Paternity Judgment was entered. 1

1
 In his point relied on, Father asserts two independent claims of circuit court error with separate and distinct
standards of review—abuse of discretion and misapplication of law. Because Father’s point groups together
multiple independent claims, it is multifarious in violation of Rule 84.04. Fowler v. Missouri Sheriffs’ Ret. Sys.,
623 S.W.3d 578, 582–83 (Mo. banc 2021). Rule 84.04 briefing requirements are mandatory, and therefore, a
noncompliant point relied on preserves nothing for appellate review. Id. We prefer, however, to reach the merits of

 1
Because the trial court did not misapply the law in determining that Father waived that claim, we

affirm the trial court’s judgment.

 Factual and Procedural Background

 Megan B. Witherspoon (“Mother”) filed in the circuit court a Petition for Determination

of Father-Child Relationship, Order of Child Custody and Visitation, Order of Child Support,

and Reimbursement of Birthing Expenses (“Petition”). Personal service on Father of the

summons and Petition was unsuccessful, so Mother filed a Rule 54.17, Missouri Court Rules

(1998), application for service by publication stating under oath by affidavit that personal service

was not obtained on the Father. Mother’s affidavit stated Father “absconded or absented himself

so that ordinary process of law [could] not be personally served upon him and [Father]’s present

address is unknown and [Father] has concealed himself as to avoided [sic] service.” The court

ordered service by publication on Father and proof of publication of such service was thereafter

filed with the court.

 On November 17, 1998, Mother appeared with her attorney on her petition before the

court. Father did not appear and was found to be in default. Three days later, on November 20,

1998, the court entered the Paternity Judgment finding Father to be the natural father of Kylei

Jordan Witherspoon (“Child”). Mother was awarded sole legal and physical custody with Father

receiving periods of supervised visitation. Father was ordered to pay $537.00 per month in child

support to Mother and to reimburse Mother $967.60 in birthing costs and $172.20 in medical

expenses incurred on Child’s behalf.

every appeal that comes before us, if briefing deficiencies do not impede appellate review. Anglin Family
Investments v. Hobbs, 375 S.W.3d 244, 249 (Mo.App. 2012). In Father’s argument under his point, the abuse of
discretion claim appears to be superfluous and the gravamen of his claim appears to be misapplication of the law, so
we ex gratia address that claim.

All Rule references are to Missouri Court Rules (2021) unless otherwise stated.

 2
 Between 1998 and March 2019 Father took no action in the case. In March 2019, Father

filed his initial Motion for Determination in the circuit court and then filed his amended Motion

for Determination in July 2020. Both parties filed and responded to discovery requests and

participated in case management conferences. A trial was held on Father’s amended Motion for

Determination on February 2, 2021. After the close of the evidence, the court left the record

open for the parties to submit legal briefing regarding the retroactive application of statutory

college expense requirements.

 On February 23, 2021, the court sua sponte, in a docket entry, raised concerns that the

Paternity Judgment was entered without personal jurisdiction over Father because there was no

service on him other than by publication. The court ordered the parties to submit written legal

briefs on the personal jurisdiction issue. 2

 Thereafter, on April 20, 2021, the circuit court entered its judgment on Father’s amended

Motion for Determination. In its judgment, the court found that Father was entitled to certain

credits in calculating the amount of past-due child support owed under the Paternity Judgment,

and that Father owed $2,852.72 for reimbursement to the State of Missouri. Additionally, the

court found and stated in its Judgment:

 4. It is well settled that service by publication does not result in
 personal jurisdiction over the [Father] but the acting [c]ourt would
 have in rem jurisdiction. The law is clear that a [d]efendant may
 consent to the personal jurisdiction of the [c]ourt. Missouri
 Supreme Court Rule 55.27 provides instruction to a [d]efendant
 wishing to assert an objection based on lack of personal
 jurisdiction. Supreme Court Rule 55.27(g)(1) provides details on
 the waiver or preservation of such a defense. To be clear, the
 waiver provisions as to jurisdiction over the person set forth in
 Rule 55.27(g)(1) do not apply when a [d]efendant does not appear
 as in the present case. However, the [d]efendant may consent to
 personal jurisdiction if the [d]efendant appears before the Court
 and has not timely raised the issue.

2
 Only Father filed a Memorandum of Law with the trial court regarding personal jurisdiction.

 3
 5. In the present case [Father] clearly learned of the judgment
 against him in 1999 as payments were being made either
 voluntarily or otherwise. At no time did [Father] contest his
 paternity of [Child] and [Father] made some attempts to establish
 a relationship with said [Child]. On March 8, 2019, [Father] filed
 his [Motion for Determination] [on] his child support obligation
 and filed his Amended [Motion for Determination] on July 28,
 2020. In neither motion did [Father] raise the objection that the
 original [c]ourt lacked personal jurisdiction and the resulting
 judgment was void ab initio. The issue was raised by the [c]ourt as
 it is the [c]ourt’s duty to determine its jurisdiction sua sponte.

 6. This [c]ourt finds that the filing of [Father]’s [Motion for
 Determination] [on] his child support obligation constitutes an
 appearance before the [c]ourt, seeking affirmative relief from the
 [c]ourt without ever raising the defense of lack of personal
 jurisdiction and is a consent to the jurisdiction of the [c]ourt. The
 [Father]’s conduct was inconsistent with any belief that the [c]ourt
 was without personal jurisdiction.

 Father filed a motion to amend the court’s judgment, which was never ruled upon by the

court. Father timely appeals.

 Standard of Review

 The Court defers to the circuit court’s factual findings and will reverse the judgment only

if it is not supported by substantial evidence, is against the weight of the evidence, or erroneously

declares or applies the law. Hope’s Windows, Inc. v. McClain, 394 S.W.3d 478, 481 (Mo.App.

2013) (citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976)). “If the issue is one of

law, this Court reviews de novo to see if the circuit court misapplied the law.” JAS Apartments,

Inc. v. Naji, 354 S.W.3d 175, 182 (Mo. banc 2011).

 Discussion

 In his point relied on, Father claims that the circuit court

 misapplied the law in its judgment determining that [Father] owed past due child
 support, because the judgment upon which the past due child support amount is

 4
 based, was void ab initio, in that the trial court lacked the requisite personal
 jurisdiction over [Father] at the time to enter a valid judgment for child support.

In his argument supporting his point, however, Father concedes that the circuit court, in its

judgment, “determined that [Father] had waived his claim that the [Paternity Judgment] is void

because he did not act or raise the issue earlier.” Father then shifts his claimed circuit court error

from that asserted in his point relied on—the Paternity Judgment was void ab initio—to “[t]he

trial [c]ourt, however, did err when it determined that [Father] nevertheless waived the issue by

not acting sooner or raising the issue earlier.” “‘Arguments advanced in the brief but not raised

in the point relied on are not preserved, and will not be addressed by this court.’” Ziade v.

Quality Bus. Sols., Inc., 618 S.W.3d 537, 544 (Mo.App. 2021) (quoting Burg v. Dampier, 346

S.W.3d 343, 354 (Mo.App. 2011) (citing Rule 84.04(e)). Nevertheless, even if preserved for

appellate review, Father’s claim of circuit court legal error in making its waiver determination

because the Paternity Judgment was void ab initio misses the mark and has no merit.

 “A claim of lack of personal jurisdiction may be waived when a defendant makes no

motion or pleadings on the issues but otherwise subjects himself to the jurisdiction of the court.”

C.J.G. v. Missouri Dept. of Soc. Servs, 219 S.W.3d 244, 248 (Mo. banc 2007). In C.J.G., our

Supreme Court recognized and held that a waiver of personal jurisdiction may occur after a

personal judgment is entered, even if the circuit court lacked personal jurisdiction at the time the

judgment was entered. Id. at 249. In support, the C.J.G. court cited to In re Marriage of

Dooley, 15 S.W.3d 747 (Mo.App. 2000) for the proposition in Dooley that “Husband moved to

vacate ‘default judgment against him on various grounds other than lack of personal jurisdiction

over him[.] Accordingly, he waived his right to challenge the default judgment on the basis of

lack of personal jurisdiction[,]’” and also cited to Wood v. Wood, 716 S.W.2d 491, 494

 5
(Mo.App. 1986) for the proposition that “‘by a general appearance entered after judgment

personal jurisdiction can be waived and can no longer be questioned[.]’” Id.

 Here, Father entered his general appearance in the trial court and otherwise subjected

himself to the circuit court’s jurisdiction when he filed his initial Motion for Determination on

March 8, 2019. In that motion, he affirmatively asserted that the Paternity Judgment awarded

child support “to Mother payable from Father in the amount of $537.00 a month,” without

raising any personal jurisdiction challenge to the entry of that judgment or seeking in any manner

to have it set aside for lack of personal jurisdiction. Indeed, Father affirmatively invoked the

circuit court’s jurisdiction by requesting in his motion that the court “terminate child support”

and “abate child support” as ordered in the Paternity Judgment “such that the arrearage amount

reflect the termination from the appropriate date as determined by the Court.”

 During the ensuing three years of litigation thereafter, Father propounded discovery

requests to Mother, responded to discovery, applied for continuances, participated in the court’s

case management conferences, and filed an amended Motion for Determination, all without any

mention of, or objection to, the circuit court’s lack of personal jurisdiction to enter the child

support order in the Paternity Judgment.

 The trial transcript reveals that during trial, Father never raised a lack of personal

jurisdiction challenge to the child support order in the Paternity Judgment. 3 Even after the court

held the record open so the parties could submit legal briefing on the retroactive application of

the revised statutory college expense requirements, Father did not raise any lack of personal

jurisdiction claim.

3
 Father contends otherwise, but his references to the trial transcript do not support his contention.

 6
 The first time the issue of the circuit court’s personal jurisdiction over Father to enter the

child support order in the Paternity Judgement arose in this case was when the court sua sponte

raised it by docket entry after trial and post-trial briefing was completed. In that docket entry,

the court granted the parties over three weeks to file legal briefing concerning the personal

jurisdiction issue before issuing its judgment. Thus, it is undisputed that Father affirmatively

initiated the instant proceeding and took an active and affirmative part in its prosecution for over

three years, before he first raised his lack of personal jurisdiction claim in his second post-trial

Memorandum and then again, in his post-trial motion to amend the judgment.

 As this Court affirmed in Wood, “Missouri cases hold that by a general appearance after

judgment [personal] jurisdiction can be waived and can no longer be questioned. Wood, 716

S.W.2d at 494. We reaffirmed such a waiver in Dooley, holding that:

 Here, Husband availed himself of the procedural opportunity provided by Rule
 74.06(b) to attack the dissolution court's default judgment against him on various
 grounds other than lack of personal jurisdiction over him. No challenge was made
 in his motion to vacate based on lack of personal jurisdiction over him.
 Accordingly, he waived his right to challenge the default judgment on the basis of
 lack of personal jurisdiction.

Dooley, 15 S.W.3d at 753. As noted above, both cases have been relied upon and cited with

approval by the Supreme Court of Missouri for those very propositions. C.J.G., 219 S.W.3d at

249. Here, as conceded by Father, the circuit court determined that he waived his claim that the

circuit court lacked personal jurisdiction to order him to pay child support when it entered the

Paternity Judgment “by not … raising the issue earlier.” Based upon our de novo review of the

record on appeal, the circuit court’s waiver determination was not a misapplication of law. See

C.J.G., 219 S.W.3d at 248; Dooley, 15 S.W.3d at 753; Wood, 716 S.W.2d at 494.

 Father’s point is denied.

 7
 Decision

 The circuit court’s judgment is affirmed.

GARY W. LYNCH, C.J. – OPINION AUTHOR

MARY W. SHEFFIELD, P.J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS

 8