

# Missouri Court of Appeals
## Southern District

### In Division

IN THE INTEREST OF: )
W.J.J.W., )
A minor child under seventeen years of age, )
)
GREENE COUNTY JUVENILE )
OFFICER, )
)
          Petitioner-Respondent, )
)
v. )   No. SD37928
)   Filed: July 18, 2023
M.P.W., )
)
          Respondent-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Senior Judge

## VACATED AND REMANDED

M.P.W. (Father) appeals from a judgment terminating his parental rights to his child, W.J.J.W. (Child).[1] Father claims, and the Greene County Juvenile Officer (the JO) agrees, that Father was not provided sufficient notice of the termination hearing. Presenting two points on appeal, Father contends the trial court erred in terminating his parental rights because: (1) the termination violated his right to due process; and (2) lack of notice made

---

[1] The parental rights of Child's mother were also terminated, but they are not at issue in this appeal.

the judgment "irregular" and subject to relief pursuant to Rule 74.06(b)(3).[2] We agree with both points. We vacate the judgment as to Father's termination of parental rights and remand for further proceedings consistent with this opinion.

We limit our recitation of the facts to those necessary to resolve Father's points on appeal. In April 2022, service of the petition to terminate parental rights was obtained on Father by law enforcement. At that time, Father was living on a family member's land in a "truck/camper." On the return of service, Father's address was listed as 1659 W. State Highway WW, Springfield, Missouri.[3]

In July 2022, the date for the termination hearing was set for August 15, 2022. The "Certificate of Notice" (Certification), which certified that notice of the hearing date was provided to Father, specified only that notice to Father was sent by "Mail[.]" The Certification did not indicate the address where the notice was mailed to Father.

On August 15, 2020, the termination hearing was held as scheduled. Father did not appear, nor did he have counsel. The trial court did not make an independent inquiry as to whether Father actually received notice of the hearing. The case manager testified that, early in the case, Father said: (1) he was living in a camper parked in a field near Brighton, Missouri; and (2) he was planning to move from Brighton to Springfield, but he never provided a new address. The last contact the case manager had with Father was in April 2022. The record is silent on what efforts, if any, the case manager made to locate Father between April 2022 and the hearing date.

---

[2] All rule references are to Missouri Court Rules (2022).

[3] The address was hand written and appears to be an updated address, as an initial address of "71592 State Highway WW" was crossed out.

2

Thereafter, the trial court entered a judgment terminating Father's parental rights to Child. This appeal followed.

In Father's two points, he contends, and the JO agrees, that the trial court erred in terminating his parental rights because Father was not provided sufficient notice of the termination hearing, thereby: (1) violating Father's "due process rights under the 14th Amendment of the United States Constitution and Article I of the Missouri Constitution"; and (2) making the judgment "irregular" and subject to relief pursuant to Rule 74.06(b)(3). As explained below, both points have merit.

Failure to provide Father sufficient notice of the termination hearing violated Father's right to due process. "Due process requires the trial court give [a parent] notice of the hearing, with sufficient time to prevent [parent's] absence, and the opportunity to be heard." *Interest of K.A.M.L.*, 644 S.W.3d 14, 22 (Mo. App. 2022); *see also C.J.G. v. Missouri Dep't of Soc. Servs.*, 219 S.W.3d 244, 247 (Mo. banc 2007) ("[t]he state cannot intervene in the parent-child relationship, such as proceedings to terminate parental rights, absent procedures that meet the requisites of due process"); *Jamison v. State, Dep't of Soc. Servs., Div. of Family Servs.*, 218 S.W.3d 399, 410 (Mo. banc 2007) (parties have "a right to pre-deprivation notice and opportunity to be heard"); *In re D.L.W.*, 413 S.W.3d 2, 13 (Mo. App. 2012); *In re E.A.C.*, 253 S.W.3d 594, 601 (Mo. App. 2008).

In the case at bar, the JO concedes that, "albeit unintentionally," the JO "did not make reasonable efforts to assure that [F]ather actually received notice of the date and time of the termination of parental rights hearing in this action." Thus, there is no question in this case that, because Father was not provided sufficient notice of the termination hearing, termination of his parental rights violated his right to due process. *See K.A.M.L.*, 644

S.W.3d at 22; *see, e.g.*, ***E.A.C.***, 253 S.W.3d at 602 (parent denied opportunity to defend allegations violated parent's right to due process).

Further, lack of notice independently constitutes grounds to find the termination judgment "irregular." ***Interest of B.K.B.***, 655 S.W.3d 16, 23 (Mo. App. 2022); *see* Rule 74.06(b)(3) (providing relief to set aside a judgment as "irregular"). "A judgment procured without complying with the notice and service requirements of the rules of civil procedure is irregular by definition, i.e., it is one achieved in a manner materially contrary to the law's established procedures for the orderly administration of justice." ***Lambert v. Holbert***, 172 S.W.3d 894, 898 (Mo. App. 2005); ***Breckenridge Material Co. v. Enloe***, 194 S.W.3d 915, 920 (Mo. App. 2006); ***B.K.B.***, 655 S.W.3d at 23.

In ***B.K.B.***, the western district of this Court determined a judgment was "irregular" based on lack of notice of the termination hearing to a parent. ***B.K.B.***, 655 S.W.3d at 24 n.1. The Court first noted that the trial court made "no finding as to whether [parent] received actual notice of [the hearing] by receipt of the … 'Certification of Notice,' or whether that Certification was sent in a manner reasonably calculated to provide [parent] with such notice." ***Id***. The Court then noted defects in service indicated on the Certification itself, including that it: (1) did "not provide an adequate record as to *how* notice was sent to [parent], or *where* such notice was sent"; and (2) "merely states that the Certification was sent 'by Mail/Email/FAX' – leaving the circuit court to speculate as to how and where it was sent, and whether [parent] received it." ***Id***. (emphasis in original). The ***B.K.B.*** court concluded: "To the extent that reasonable efforts were *not* made to notify [parent of the date] of the trial setting, that lack of notice would independently constitute grounds to find the termination judgment irregular." ***Id***. (emphasis added). As such, "the judgment must be vacated based on the irregular procedures which were employed." ***Id***. at 24.

4

We reach the same conclusion here.  The JO agrees with the outcome in **B.K.B.**, conceding that:  (1) the Certification in this case did "not provide an adequate record of where [the notice] was sent, which left the trial court to speculate as to whether [F]ather actually received notice of the date and time of the trial date"; and (2) the trial court's termination judgment is the result of the JO "failing to comply with established procedures for the orderly administration of justice," and is, therefore, "irregular" and subject to relief to set aside pursuant to Rule 74.06(b)(3).

For all these reasons, we agree that the trial court erred in terminating Father's parental rights because Father was not provided sufficient notice of the termination hearing. Points 1 and 2 are granted.  The judgment terminating Father's parental rights is vacated, and the case is remanded for further proceedings consistent with this opinion.

JEFFREY W. BATES, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

JACK A. L. GOODMAN, C.J. – CONCUR